[Crim. No. 2280. Second Appellate District, Division One.—March 2, 1933.]

THE PEOPLE, Respondent, v. GEORGE E. FRANK, Appellant.

John F. Groene for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

HOUSER, J.—By respective counts in an indictment filed against him, defendant was accused of the commission of each of the criminal offenses of robbery and burglary. By a separate information, defendant also was accused of the crime of assault with a deadly weapon with intent to commit murder, alleged to have been committed more than four months after the date when the robbery and the burglary offenses were committed. Over the objection of defendant, by order of the trial court, all the several charges against defendant were consolidated for the purpose of trial. Following his conviction on each of the said charges, defendant has appealed to this court from the ensuing judgment, as

well as from the order by which his motion for a new trial was denied.

Appellant urges the point that in ordering the consolidation of the two actions the trial court committed error which was prejudicial to the substantial rights of defendant.

It seems to be conceded by respondent that, in the absence of a statute by which a consolidation of causes of the nature of those herein involved is authorized, the trial court was in error in making the order in question. But it is asserted that the provisions of section 954 of the Penal Code are sufficient in the premises. That part of said section upon which the respondent relies is as follows:

"An indictment, information, or complaint may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts, and if two or more indictments or informations are filed in such cases the court may order them to be consolidated. . . . "

The particular language of the statute to which attention is directed is that wherein the trial court is authorized to consolidate "two or more different offenses of the *same class* of crimes or offenses". In that connection, the reasoning by respondent is to the effect that since in title VIII of the Penal Code, which concerns "Crimes Against the Person", are included provisions which relate respectively to many different criminal offenses,—the enabling portion of section 954 of the Penal Code which provides for the consolidation of offenses "of the same class" justifies the action of the trial court herein wherein the several charges against defendant were consolidated and, in effect, tried as one action. In other words, that because each of the several offenses of which defendant was charged is defined and denounced in title VIII of the Penal Code, such crimes constitute a "class", and therefore are subject to the provisions of section 954 of the Penal Code to which reference has been had.

Referring to said title VIII, it is noted that in general its provisions relate to each of the offenses of homicide, mayhem, kidnaping, robbery, attempts to kill, assaults with intent to commit felony, other than assaults with intent to murder, duels and challenges, false imprisonment, assault

and battery, libel and slander. Concretely, and by way of illustration, it therefore appears that if respondent's suggestion as to the construction to be placed on section 954 is correct, it follows that, notwithstanding the fact that in one information or indictment a defendant may be charged with the crime of murder, a felony, and in another information or indictment be charged with the offense of libel, a misdemeanor, the two charges may be consolidated.

It is also noted that title IX of the Penal Code purportedly deals with ''Crimes Against the Person and Against Public Decency and Good Morals''. If respondent's reasoning be sound, then it should follow that because both the crime of rape and the various offenses which, in the contemplation of the law, may be committed by a pawnbroker in the conduct of his business are denounced in said title, it would be possible to consolidate two separate actions, in one of which a defendant may have been charged with the commission of the crime of rape, and in the other with having committed any one of the various offenses which relate to the business of conducting a pawnshop. On the other hand, for the reason that the crime of kidnaping is denounced in title VIII, and the crime of child stealing is denounced in title IX, according to respondent's contention those two crimes would not be of the same statutory ''class'', and section 954 of the Penal Code in itself would afford no authority for their consolidation.

As far as the diligence of respective counsel has indicated, hitherto no appellate court has been called upon to pass upon the precise question here involved; nor has the attention of this court been directed to any statute that exists in any other state jurisdiction similar to those respects which hereinbefore have been quoted from section 954 of the Penal Code. The only statute which as to the feature thereof here under consideration bears a resemblance thereto is section 1024 of the United States Revised Statutes. That section is as follows:

''When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate

counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

Considering such statute, in the case of *United States* v. *Scott*, 27 Fed. Cas. No. 16241, page 997, it was held (syllabus) that "counts for conspiracy cannot be joined with counts for murder"; also that "the latter provision of this act evidently does not alter the common law". (Citing authorities.)

In the case of *McElroy* v. *United States*, 164 U. S. 76 [17 Sup. Ct. Rep. 31, 41 L. Ed. 355], it was held—

"Indictments for distinct felonies not provable by the same evidence, and in no sense resulting from the same series of acts, cannot be consolidated for trial."

In part, the court said: "It is clear that the statute does not authorize the consolidation of indictments in such a way that some of the defendants may be tried at the same time with other defendants charged with a crime different from that for which all are tried. *And even if the defendants are the same in all the indictments consolidated,* we do not think the statute authorizes the joinder of distinct felonies, not provable by the same evidence and in no sense resulting from the same series of acts. Under the third clause relating to several charges 'for two or more acts or transactions of the same class of crimes or offenses', it is only when they 'may be properly joined' that the joinder is permitted."

Reverting to a construction of section 954 of the Penal Code, it would seem most improbable that in enacting the statute the legislature of this state anticipated that such a construction either would or could be placed upon the word "class", as used in the statute, as would produce results such as hereinbefore have been indicated. To even contemplate a deliberate intention on the part of the legislature to authorize the joinder of the charge of murder with the charge of libel, or a charge of rape with a charge of usury by a pawnbroker, or to refuse consolidation of the charge of kidnaping with the charge of child stealing, would be a strain upon one's imagination relating to legal procedure. On the one hand, in effect deliberately and intentionally to completely upset or reverse long-standing rules of legal procedure and at the same time to subject a defendant to a decidedly prejudicial practice, and incidentally to deprive

him of a substantial right in the premises; or, on the other hand, in pursuance of a situation such as has been illustrated with reference to the refusal to unite a kidnaping case with one of child stealing, to cause added inconvenience and expenses on account of witnesses, jurors, lawyers and the court, is wholly inconceivable as an act of a legislature presumably composed of representative, capable and right-thinking citizens of the state. Although in the connection in which used, the word "class" possibly might bear the construction which respondent claims for it, the untoward consequences which probably would result from such a construction forbid its natural or spontaneous acceptance in such a sense. The probabilities are that the word was used as a synonym for some such word as "kind", or "sort", or "variety", or at least, as a medium for expressing the thought that because of a recognized similarity in the manner or the means ordinarily employed in the commission of specified crimes, or because of some generally understood attributes which frequently pertain or inherently attach to certain types of criminal offenses,—irrespective of possible unfavorable consequences to the accused, the good of society as a whole demanded the joinder or the consolidation of such charges for the purpose of trial.

The prejudicial effect of an improper consolidation of alleged offenses upon the substantial rights of a defendant is so obvious that to dwell upon a consideration of the point is unnecessary. Suffice it to say, from time immemorial such a practice has been universally condemned.

It is ordered that the judgment and the order by which the motion for a new trial was denied be and they are reversed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 10, 1933, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 30, 1933.