312 P.2d 160

**STATE of Arizona, Appellee,**
v.
**Ralph STAGO, Appellant.**
No. 1096.

Supreme Court of Arizona.
May 21, 1957.

286

Robert Morrison, Atty. Gen., and L. Alton Riggs, Sp. Asst. Atty. Gen., for appellee.

Axline & Shelley, Holbrook, for appellant.

STRUCKMEYER, Justice.

Appellant Ralph Stago was charged in the court below with the commission of two crimes, both felonies; namely, that of burglary and that of resisting and obstructing a public officer. Separate informations were filed which were consolidated for trial and tried as consolidated cases over his objections. Appellant, defendant below, was acquitted of the charge of burglary and convicted of resisting and obstructing a public officer.

Three questions are raised by this appeal. (1) Whether the two offenses were properly consolidated for trial; (2) whether the county attorney during the course of the trial committed prejudicial error in referring to a prior felony conviction; and (3) whether the trial court erred in failing to grant defendant's motion for a directed verdict on the grounds that the evidence did not establish the crime of resisting or obstructing a public officer.

As to the first question, this state has provided by its 17 A.R.S. Rules of Criminal Procedure, Rule 128, subd. A when offenses may be consolidated for trial:

"An indictment, information or complaint charging two or more different offenses connected together in their commission, or different statements of the same offense, or two or more different offenses of the same class of crimes or offenses, shall be under separate counts, and if two or more indictments or informations are filed in such cases, the court may order them consolidated."

By specifying when offenses may be consolidated, there is impliedly negatived any authority to consolidate under other or different circumstances. Plainly these offenses are not different statements of the same offense, nor are they of the same class of crime. No facts are alleged on the informations from which it can be inferred that the two offenses are connected together in their commission. The simple allegations of both that they were committed on or about the 20th day of April, 1956, does not alone suggest that they were so connected as to be part of the same transaction. Moreover, the evidence introduced at the trial establishes that the two incidents of burglary and resisting and obstructing a public officer were not related in time, place, or causality. The consolidation of the two informations for trial is, therefore, prejudicial and reversible error. People v. Frank, 130 Cal.App. 212, 19 P.2d 850; State v. Agnew, 7 N.J.Misc. 915, 147 A. 485.

As to the second question, it appears that the county attorney in cross-examining the defendant asked him if he had ever been convicted of a felony. After objection and discussion between the court and counsel, the question was withdrawn; seemingly, the county attorney was not prepared to prove the prior conviction if the defendant answered in the negative. While it is well settled in this jurisdiction that when a defendant offers himself as a witness he may be examined on whether he has suffered a previous conviction of a felony, State v. Polan, 78 Ariz. 253, 278 P.2d 432; Hadley v. State, 25 Ariz. 23, 212 P. 458, it is also equally well settled that a prosecuting officer, in order to impeach him as a witness, cannot engage in questioning which casts insinuations without being prepared and able to prove the insinuations, State v. Singleton, 66 Ariz. 49, 182 P.2d 920. Although the trial court instructed the jury to disregard " * * * any thought whatsoever of the meaning of the question propounded * * *", prejudices which are so easily aroused are not thus so readily expunged.

Finally, the defendant complains that the evidence does not establish the crime of resisting or obstructing a public officer. We observe the information charges that the defendant, by the use of force and violence, resisted, delayed and obstructed "* * * a public officer, to-wit: Ernest Dillon, Deputy Sheriff of

Navajo County, * *⁚ *". The evidence in support of the charge showed that at the time of the alleged offense Dillon was wearing a police officer's uniform. He did not receive a salary from the county as a deputy sheriff, but worked for the Pinetop Merchant Patrol. He did have a deputy sheriff's card issued to him by the Sheriff of Navajo County. His appointment was not recorded in the office of the county recorder, nor does it appear that his appointment was ever directly approved by the Board of Supervisors of Navajo County.

■ Section 11–409, A.R.S.1956 provides the method by which deputy sheriffs are appointed:

"A. The county officers enumerated in § 11–401 may, by and with the consent of, and at salaries fixed by the board, appoint deputies, stenographers, clerks and assistants necessary to conduct the affairs of their respective offices. The appointments shall be in writing, and filed in the office of the county recorder.

"B. Deputies shall hold office at the pleasure of the officer appointing them. Deputies appointed by and with the advice and consent of the board of supervisors may be removed by the board or by the officer appointing them."

In order for a deputy sheriff to be a de jure public officer, it must appear, pursuant to the foregoing statute, that he has been appointed in writing by and with the consent of the Board of Supervisors and the appointment filed in the office of the county recorder except the emergency appointments recognized in Section 11–441, subd. B, A.R.S.1956. In the instant case, the Sheriff of Navajo County testified that he had appointed Dillon as a deputy sheriff and issued to him a card confirming the appointment. This is sufficient compliance with the statute that "appointments shall be in writing." There is no evidence that the appointment was ever formally approved by the Navajo County Board of Supervisors, but since the statute does not require any particular method, we think consent is sufficiently evidenced by the Board's acceptance of a bond executed by Dillon in the sum of $1,000 running to the State of Arizona and L. Ben Pearson, Sheriff of Navajo County, to faithfully perform such duties as may be imposed upon him by law in the discharge of the office of deputy sheriff. This bond was recorded in the office of the county recorder at the request of the Board of Supervisors.

■ As noted, the written appointment of Dillon as deputy sheriff was not recorded as is required by the statute. However, such statutes have often been construed as directory so that in any event his acts were valid as a de facto officer. 43 Am. Jur. 234, Public Officers, Section 483. It has been specifically held that the failure

of a deputy sheriff to qualify by filing his appointment and oath of office, as required by the statute, did not deprive him of de facto status. Gulbrandson v. Town of Midland, 72 S.D. 461, 36 N.W.2d 655. It is our conclusion that Ernest Dillon was a deputy sheriff against whom the offense of resisting or obstructing a public officer could be committed, but for the reasons stated, it is necessary to reverse this cause for a new trial and it is so ordered.

UDALL, C. J., and WINDES, PHELPS and LA PRADE, JJ., concur.