[Crim. No. 8462.    Second Dist., Div. Three.    Oct. 31, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES SHORTS, Defendant and Appellant.

Albert C. Garber, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Defendant James Shorts was charged by information in No. 249478 with the rape of Anna D. Howard in violation of section 261 of the Penal Code. The offense was alleged to have occurred on September 30, 1961. In a separate information, No. 250129, defendant was charged with rape in Count I and robbery in Count II, of Sweetie B. Carter in violation of sections 261 and 211, respectively, of the Penal Code. These offenses were alleged to have occurred in close sequence on August 16, 1961. Over defendant's objection the two informations were consolidated. Trial by jury was waived and defendant was found guilty of all charges, the robbery being in the first degree. Sentences were ordered to run consecutively on the two rape charges and probation was granted for 10 years as to the robbery count.

On his appeal from the judgment, defendant, through appointed counsel, argues that the court committed prejudicial error in consolidating the separate informations for trial.

■ With respect to the circumstances of the crimes of rape, it is sufficient to state that the record shows that the two offenses were of the same class within the meaning of section 954 of the Penal Code. The victim in each case was a woman who was alone in an apartment to which access was gained in one case by knocking on the door and feigning a request for ice cubes, and then salt, and in the other case by defendant's representing that he was from the N.A.A.C.P. In each case the offense was committed at the point of a knife under threats of violent injury or death and by the use of physical force.

Section 954 provides that the accusatory pleading may charge (1) two or more different offenses connected together in their commission, (2) different statements of the same offenses, or (3) two or more different offenses of the same class of crimes or offenses, and in such cases if two or more accusatory pleadings are filed in the same court they may be consolidated.

■ In the trial the public defender conceded that the charges of the rape and robbery of Sweetie Carter were properly combined in one information. His position was clearly a correct one. The robbery occurred immediately after the rape had been committed and while the victim was suffering from fear of defendant and threats of harm if she made outcry.

There were common elements of substantial importance within the meaning of section 954 of the Penal Code as to the alleged offenses of robbery and rape of Sweetie Carter and they were, therefore, "connected in their commission." (*People* v. *Scott*, 24 Cal.2d 774 [151 P.2d 517]; *People* v. *Chessman*, 52 Cal.2d 467[341 P.2d 679]; *People* v. *Williams*, 189 Cal.App.2d 29 [11 Cal.Rptr. 43].)

Defendant contends that it was error to order a consolidation which would combine the count charging the robbery of Sweetie Carter in one information with the other information, which alleged the rape of Mrs. Howard. When the district attorney moved for consolidation the public defender made the objection that the two offenses were not of the same class, the times of the offenses were different, the victims were not the same and that consolidation for a single trial of the two charges was not authorized by section 954. The objection was overruled and the motion to consolidate was granted.

We find it unnecessary to decide whether the two informations were properly consolidated. If it was error it resulted in no substantial prejudice to defendant. The questions are whether the evidence of the offense against Mrs. Howard contributed to the conviction of the robbery of Sweetie Carter and whether evidence of the robbery contributed to the conviction of the rape of Mrs. Howard.

In *People* v. *Frank*, 130 Cal.App. 212 [19 P.2d 850], in which it was held error to charge in a single information grand theft and robbery and an isolated offense of assault with a deadly weapon with intent to commit murder, the court did not hesitate to declare the error prejudicial. Upon the other hand in *People* v. *Chessman, supra,* 52 Cal.2d 467, accusations of sexual offenses committed in the course of kidnaping and robbery of the victims were joined with accusations of separate and distinct offenses of kidnaping and robbery and it was held that the procedure did not result in prejudice to the defendant.

In the present case the defendant took the stand and testified that the women voluntarily consented to the acts of intercourse to which they testified. He denied the robbery. The court believed the testimony of the women and disbelieved the denials of the defendant.

■ Even if separate offenses are improperly charged in a single information or, if charged in separate informations, are improperly consolidated, it does not necessarily follow

that a judgment of conviction of both offenses must be reversed. There is no reason to doubt that if the information charging the offenses against Sweetie Carter had been tried separately and no evidence had been received of the offense against Mrs. Howard, defendant would have been convicted of both offenses against Sweetie Carter, and it is inconceivable that if the charge of the rape of Mrs. Howard had been tried separately defendant would have been acquitted.

It is not suggested that there was anything whatever in the evidence to cast doubt upon the credibility of the two women or that they could have had any motive for accusing the defendant falsely.

The judgment is affirmed.

Ford J., concurred.

FILES, J.—I concur in the judgment. The consolidation appears to be proper (*People* v. *Chessman*, 52 Cal.2d 467, 492 [341 P.2d 679] ; *People* v. *Van De Wouwer*, 91 Cal.App.2d 633, 639 [205 P.2d 693]), but I cannot say that such joinder, if improper, would not be prejudicial.