558 P.2d 9

**STATE of Arizona, Appellee,**

v.

**Kenny Allen MEADOR, Appellant.**

No. 3651.

Supreme Court of Arizona,
En Banc.

Dec. 6, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer III and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Stephen M. Lee, Kingman, for appellant.

HAYS, Justice.

Kenny Allen Meador was convicted by a jury of first degree burglary and given four years probation. He has appealed from this conviction and we have assumed jurisdiction of his appeal pursuant to 17A A.R.S. Rules of the Supreme Court, rule 47(e)(5).

The appellant raises only one point on appeal which arises out of the following set of facts. At trial the appellant took the stand in his own defense. During the course of cross-examination by the county attorney, the appellant was asked: "Have you ever been convicted of a felony?" The appellant responded that he had not. The prosecutor then stated: "I'd like to refresh your memory, Mr. Meador. I ask you—," whereupon the prosecutor was interrupted by defense counsel and both parties approached the bench. A discussion was then held off the record. Upon resuming the proceedings on the record, certain certified documents were shown to the appellant in an attempt to refresh his memory concerning those documents. When asked whether he recalled the documents he answered: "Yes, I recognize this. It still has nothing to do with a felony as you asked me. I was charged with a misdemeanor."

Then later when he was again asked if he had ever been convicted of a felony he answered "Not a felony, no."

Following the county attorney's cross-examination and prior to defense counsel's

redirect, a lengthy discussion of the prior conviction was held in chambers, wherein the court ruled that evidence of the appellant's prior conviction was not admissible because it could not be ascertained through the specific documents presented by the state whether the conviction was a felony or misdemeanor conviction. It appears from the record that the documents included, among other things, a trial transcript from a California criminal case in which the appellant plead guilty to a violation of West's Ann.Pen.Code § 211 (1970) which defines the crime of robbery in California.

Immediately following the court's ruling excluding the evidence, the jury was instructed to disregard all the questions concerning a prior conviction and to avoid drawing opinions or conclusions about the same.

The appellant's argument on appeal is that the state's questions and insinuations with regard to the appellant's prior felony record, without proof thereof and after the appellant had denied such a conviction, constituted reversible error, in spite of the court's admonitions. We cannot agree.

■ There is no question but that in Arizona, when a defendant takes the stand in his own defense, he thereby subjects himself to the usual means of impeachment including cross-examination concerning his prior felony convictions. A.R.S. § 13–163; *State v. Thompson,* 110 Ariz. 165, 516 P.2d 42 (1973). It is also a well-settled proposition of law that it is improper and usually prejudicial for a prosecutor to ask a witness whether he has a prior felony conviction unless the prosecutor is prepared to prove the conviction in the event the witness denies it. *State v. Stago,* 82 Ariz. 285, 312 P.2d 160 (1957); *State v. Singleton,* 66 Ariz. 49, 182 P.2d 920 (1947).

However, where a prosecutor asks the question in good faith, believing that he does in fact have proof of the conviction in hand, and he attempts to prove the fact of that conviction, we can hardly find the prosecutor's question to be improper. Support for our position is provided by the

case of *State v. Thompson, supra,* wherein this court was confronted with an analogous situation. In that case, the county attorney asked a witness if he had ever been convicted of a felony. The witness replied that he had a conviction in California. When he was asked whether he had ever been convicted in Arizona, he answered in the negative. The defense then moved for mistrial. At a post-trial hearing, the county attorney explained that from the witness' rap sheet it appeared there was an Arizona conviction and his question was premised on that information. He further explained that later it became apparent that a mistake had been made, that the witness had never even been arrested in Arizona and that the rap sheet merely indicated a reference to some type of out-of-state probation registration. In finding no prejudicial error this court recognized the impropriety of asking a question such as the one here posed unless the prosecutor was prepared to prove it but held that "under the facts in the instant case we find no lack of good faith on the part of the attorney for the State or prejudice to the defendant." 110 Ariz. at 170, 516 P.2d at 47.

■ In the instant case, we similarly are unable to find either a lack of good faith on the part of the cross-examining prosecutor or any true prejudice to the appellant. The county attorney had in his possession documents evidencing a second-degree robbery conviction in the state of California. He obviously acted under the impression that he possessed sufficient documentation to prove the prior felony conviction. Moreover, since robbery is a very serious crime and is deemed a felony for all purposes in this state, *see* A.R.S. §§ 13–103, 13–641, 13–643, it would therefore not seem to be unreasonable for the county attorney to presume that the crime of robbery was also a felony in the state of California, although the better practice would have been to be prepared to demonstrate that such a conviction was, in fact, of felony status. Thus, although we do not condone the prosecutor's ill-preparedness, neither can we find any lack of good faith in

his presumption that what he had was sufficient evidence with which he could properly ask the witness about his prior conviction.

In regard to the prejudice allegedly suffered by the appellant, we find there was none. This conclusion is based on our reading of the California statutes which makes it apparent that the prior conviction of the appellant in question was, in fact, a felony conviction. *See* West's Ann.Pen. Code §§ 17, 211 and 213 (1970). That being so, any possible insinuations made by the prosecutor's line of questioning were indeed true. In fact, it appears that if any prejudice was suffered, it was at the hands of the state which was prevented, albeit by its own carelessness in not pointing out the above-cited sections of the California statutes, from impeaching the witness with the prior conviction.

For the foregoing reasons, we hold that the prosecutor's conduct in this case was neither improper nor prejudicial.

Conviction and sentence affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.