[Crim. No. 2405. Second Appellate District, Division Two.—September 18, 1933.]

THE PEOPLE, Respondent, v. GEORGE E. FRANK, Appellant.

George E. Frank, *in pro. per.,* for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

CRAIG, Acting P. J.—The appellant was charged with the crime of assault with a deadly weapon with intent to commit murder and prior convictions of felonies. A jury returned a verdict of guilty of assault with a deadly weapon. He appealed from the resultant judgment.

The denial of a motion to strike said allegations of prior convictions, and of the defendant's motion to withdraw his plea with respect thereto, as well as the contention that a plea of former jeopardy on account of such charges entitled the defendant to offer evidence in support thereof, are identical with questions considered in *People* v. *Frank*, Crim. No. 2404 (132 Cal. App. 360 [24 Pac. (2d) 905]), and need not be reviewed here.

██    The sufficiency of the evidence to sustain the verdict and judgment is attacked by the appellant, but a careful examination of the record does not reveal the discrepancies claimed. There was testimony of two witnesses that upon returning home at dusk during an evening the defendant emerged from the rear of a house, pointed a 38-caliber revolver at one of them, was overpowered, and the weapon was taken from him, after which he escaped.

██    It is insisted that it was error to present to the jury a charge of an offense other than assault with a deadly weapon. Upon a former trial the defendant was likewise charged with assault with a deadly weapon with intent to commit murder, the crime was fixed by the jury, and was then by them pronounced assault with a deadly weapon. It is conceded on behalf of the People that the defendant should not have been tried again on the original charge, but it is contended that he could not have been prejudiced by the same evidence and the same verdict as had theretofore been recorded against him. (*People* v. *Frank*, 130 Cal. App. 212 [19 Pac. (2d) 850].) This cannot be assumed from the subsequent record alone. Having obtained a reversal of the former judgment, the defendant was returned to the superior court for a new trial upon the issues presented to the appellate court on the first appeal. (*People* v. *Frank*, 75 Cal. App. 74 [241 Pac. 942]; *People* v. *Grace*, 88 Cal. App.

222 [263 Pac. 306].) He had legally been acquitted of the charge of an intent to commit murder. ■ Upon the second trial he moved the trial court to strike from the information "with the intent then and there wilfully, unlawfully and feloniously and with malice aforethought to kill and murder", which motion was denied. Having once been placed in jeopardy therefor, he might have claimed the same as a bar to another information for the offense charged. (Pen. Code, sec. 1023.) But the whole question is foreign to the case unless raised by special plea, and when so raised it becomes an issue of fact for the jury to pass upon. (Pen. Code, sec. 1017; *People* v. *Bennett,* 114 Cal. 56 [45 Pac. 1013] ; *People* v. *MacFarlane,* 138 Cal. 481 [71 Pac. 568, 72 Pac. 48, 61 L. R. A. 245].) The motion to strike the allegation of said offense from the information was therefore ineffective. ■ Thereafter the jury were instructed as to the charges and they were admonished only that they might under the law of the case find the defendant guilty of assault with a deadly weapon. A review of the evidence discloses that the same evidence would necessarily have been admissible had the information contained none of the language of which complaint was made. It therefore cannot be said that the defendant was prejudiced in the respects claimed.

■ Assignments as error of remarks made by the district attorney and the trial judge during the trial do not amount to such infringement of the defendant's rights as to require a reversal or extended discussion here. Under proper instructions they were eliminated from consideration, and it must be assumed that the instructions were obeyed by the jury in the absence of showing to the contrary.

The appeal from intermediate orders is dismissed. The judgment is affirmed.

Stephens, J., and Archbald, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 3, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 16, 1933.