[Crim. No. 2671.   Second Appellate District, Division Two.—April 3, 1935.]

THE PEOPLE, Respondent, v. JOHN LACHUK, Appellant.

John F. Groene for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

WILLIS, J., *pro tem.*—The defendant was charged in four counts of an information with the separate crimes of rape and incest with his own sixteen-year old daughter, alleged to have been committed on July 12, 1934, and on July 27, 1934. A plea of not guilty was entered and the case tried before the court without a jury, defendant being convicted on all four counts.

During the trial the court permitted the prosecution to amend the information by changing the date of one of each of the offenses of rape and incest from July 12, 1934, to June 20, 1934. No objection was made by defendant to the amendment, nor did he raise any question whatever at the trial as to its propriety; nor did he suggest surprise or request a continuance to prepare to meet the new issue as to date. The amendment was authorized by section 1008 of the Penal Code and no prejudice to defendant is made to appear as a result of such change of date. (*People* v. *Anthony,* 20 Cal. App. 586 [129 Pac. 968]; *People* v. *Marshall,* 99 Cal. App. 224 [278 Pac. 258].)

Appellant's contention that the evidence is insufficient to sustain the conviction on the several counts is without merit. The testimony of the prosecutrix was not inherently improbable, and it was corroborated in substantial detail, notwithstanding that the testimony of the prosecutrix in charges of rape on a female under the age of consent requires no corroboration as a matter of law. (*People* v. *Meraviglia,* 73 Cal. App. 402, 411 [238 Pac. 794].)

And the daughter in this case, being under the age of consent, was not in law an accomplice in the crime of incest, and therefore her testimony was legally sufficient to support the conviction without corroboration. (*People* v. *Stoll,* 84 Cal. App. 99 [257 Pac. 583].)

During the trial a witness, George C. Exley, a deputy sheriff, was called by the People and without objection on the part of defendant gave testimony of witnessing acts of a sexual nature between the prosecutrix and defendant on July 18, 1934. On cross-examination he stated that he had testified against defendant on charges of rape and incest founded on this date of July 18, 1934, in a trial in which defendant was found not guilty. On that meager record defendant now contends that the acquittal referred to constituted basis of the plea of once in jeopardy and was a bar to prosecution of any similar offense alleged to have previously occurred. No plea of jeopardy was made by defendant when arraigned herein. The question of once in jeopardy was therefore foreign to the case and cannot be raised for the first time on a motion for new trial, as was attempted herein, nor on appeal. (*People* v. *Bennett,* 114 Cal. 56 [45 Pac. 1013]; *People* v. *Frank,* 134 Cal. App. 211 [25 Pac. (2d) 486].) Had such a plea been entered, the question would then have become one of fact for the trier of facts to pass upon.

Assuming that the record shows that defendant had been previously acquitted of charges of rape and of incest alleged to have been committed on July 18, 1934, still it cannot be said that a subsequent charge of the same nature on other dates would constitute double jeopardy. The acts of June 20, 1934, and of July 27, 1934, charged in the second information, were distinct and separate crimes from the acts of July 18, 1934, involved in such former trial. The acquittal of defendant of the latter acts was not a finding as to the truth of the charges covering the acts of June 20, 1934, and of July 27, 1934, even if evidence of these latter acts had been used at the former trial. (*People* v. *Wilson,* 79 Cal. App. 709 [250 Pac. 879].)

Evidence of other crimes of the same nature being admissible at the trial of defendant herein, such evidence does not become inadmissible, as claimed by defendant, solely because the defendant had been acquitted on a trial

of a charge of such other crime. (*People* v. *Follette*, 74 Cal. App. 178, 212 [240 Pac. 502].)

Judgment and order affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 3, 1935.