[Crim. No. 5447. In Bank. Aug. 21, 1953.]

THE PEOPLE, Respondent, v. DAN MYERS BECHTEL, Appellant.

Frederic H. Vercoe for Appellant.

Edmund G. Brown, Attorney General, Frank Richards, Assistant Attorney General, William E. James, Deputy Attorney General, S. Ernest Roll, District Attorney (Los Angeles), J. Miller Leavy and Ralph F. Bagley, Deputy District Attorneys, for Respondent.

SHENK, J.—This is an appeal from a judgment of conviction on four counts of grand theft and from orders denying the defendant's motions for a new trial and in arrest of judgment.

On November 30, 1950, the defendant was tried on an indictment charging the following offenses: Count I: violation of section 67½ of the Penal Code (offering bribe to public official) ; Count II: grand theft against Dr. Theodore J. Bluechel, committed on or about July 11, 1950; Count III: grand theft against Bluechel, committed on or about June 24, 1950; Count IV: grand theft committed against Bluechel on or about June 17, 1950; Count V: grand theft against Bluechel, committed on or about June 10, 1950; Count VI: violation of section 653f of the Penal Code (solicitation), committed on or about November 15, 1949. On February 13, 1951, the jury returned verdicts of not guilty on Counts II, III, IV, V and VI and disagreed on Count I.

On February 14, 1951, one day following the verdicts under the first indictment, a second indictment was returned and filed in which Bechtel was accused of the following offenses: Count I: conspiracy to violate section 67½ of the Penal Code; Count II, grand theft against Dr. Theodore J. Bluechel, committed on or about August 20, 1949; Count III: grand theft against Bluechel, committed on or about August 27, 1949; Count IV: grand theft against Bluechel, committed on or about September 3, 1949; Count V: grand theft against Bluechel, committed on or about September 10, 1949; Count VI: grand theft against Bluechel, committed on or about February 6, 1950.

In addition to pleas of not guilty to all counts, the defendant entered special pleas of former acquittal and once in jeopardy as to all counts. When he sought to prove, in support of his pleas of once in jeopardy, that his trial under the first

indictment had subjected him to jeopardy for the crimes of grand theft charged in Counts II, III, IV and V of the present indictment, the district attorney objected to the offer of proof. In ruling the court stated: "The objection of the District Attorney is sustained to the offer of proof in connection with the pleas of former jeopardy and former conviction as to Counts 2, 3, 4, and 5, for the reason that the dates are sufficiently wide apart so far as the pleaded dates in this indictment are concerned and so far as the dates in the other indictment under which the defendant was formerly tried, that even though the dates were not accurately established that the evidence here tends to prove an entirely different series of offenses than those which were tried under the former indictment. The objection is sustained." The jury returned verdicts of not guilty on Counts I and VI and verdicts of guilty on Counts II, III, IV and V. The appeal is from the judgment of convictions on the four counts.

The crimes charged in both indictments arose out of an alleged agreement with Dr. Bluechel whereby the defendant was to and did receive the sum of $400 per week "protection money" from Dr. Bluechel in return for arranging with the law enforcing authorities not to interfere with the doctor's abortion operations. The prosecution charged that the defendant had no intention of using the money to arrange for "protection," but intended to and actually did convert it to his own use. There is substantial evidence in support of the convictions of grand theft on this theory under Counts II, III, IV and V.

The transactions in which the defendant was involved with Dr. Bluechel occurred during the period between August, 1949, and July, 1950. This period covers the "on or about" dates specified in both the former and the present indictments. The evidence in the record of the present case covers the whole period of the transactions between the defendant and the doctor, although the counts of grand theft are charged to have been committed "on or about" dates in the early part of the period only. In the former indictment the acts of grand theft charged were those alleged to have been committed in the latter part of the period only. The record in the former case is not now before this court but it has been stipulated that the evidence in the first trial was "substantially the same" as that in the present record. It therefore appears that in the trial under the former indictment the jury heard evidence of the defendant's activities during the entire period, includ-

ing those dates designated as "on or about" in the present indictment.

Of vital significance is the instruction of the court on the first trial wherein the jury was informed of the scope of the acts embraced within the charges in that indictment as follows: "The crimes with which the defendant is charged in the indictment, and which are described in another instruction, are all charged to have been committed 'on or about' certain dates. The court instructs the jury that the precise time at which the offenses were committed need not be stated in the indictment. It is wholly immaterial on what day or night the offenses charged in the indictment were committed, provided you believe from the evidence the offenses were committed, and that the same were committed within the period of the statute of limitations, which, in so far as this case is concerned, would be within three years prior to the filing of the indictment in this case. The indictment in this case was filed on July 13, 1950. The evidence need not show the precise time on which the offenses were committed. The proof need only show that the offenses were in fact committed at any time before the filing of the indictment and within the three-year period of the statute of limitations."

The defendant contends that under the evidence received in proof of the crimes charged and the trial court's instructions at the first trial the jury might have found him guilty of those crimes had they believed he committed the acts charged in the present indictment. He asserts that the trial court erred prejudicially in the exclusion of the tendered proof of former acquittal and once in jeopardy for the reason that the error resulted in a denial of his constitutional and statutory rights.

The Fifth Amendment to the Federal Constitution prohibits double jeopardy. Although this has been held to be a prohibition against federal action only (*Palko* v. *Connecticut*, 302 U.S. 319 [58 S.Ct. 149, 82 L.Ed. 288]), the state Constitution also provides that "No person shall be twice put in jeopardy for the same offense . . ." (Art. I, § 13.) It has been said by this court that this provision is "as important and to be as sacredly regarded as the right of trial by jury, or any other constitutional provision intended for the protection of the life, liberty or property of a citizen." (*People* v. *Defoor*, 100 Cal. 150, 158 [34 P. 642].)

Section 1023 of the Penal Code, in elaboration on the constitutional right and as it existed at all times pertinent to

these proceedings, provided as follows: ''When the defendant is convicted or acquitted, or has been once placed in jeopardy upon an indictment or information, the conviction, acquittal, or jeopardy is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment or information.'' In 1951 an amendment substituted ''accusatory pleading'' for ''indictment or information.''

■ Whether jeopardy has attached is generally a question of fact, but when the evidence is uncontradicted or leads to a single conclusion a question of law is presented. (*People* v. *Greer*, 30 Cal.2d 589, 596 [184 P.2d 512]; *People* v. *Warren*, 16 Cal.2d 103, 113 [104 P.2d 1024]; *People* v. *Newell*, 192 Cal. 659 [221 P. 622].) Here the facts are undisputed and a question of law only is to be determined.

The prosecution contends that inasmuch as the offenses charged in the two indictments were separated in time by an interval of approximately 10 months an offense charged to have been committed ''on or about'' a certain date could not reasonably include an offense committed ten months prior thereto. It relies upon section 951 of the Penal Code in which the use of the phrase ''on or about'' is authorized, and upon decisions wherein former jeopardy was unsuccessfully relied upon, such as *People* v. *Warren, supra,* 16 Cal.2d 103; *People* v. *Lachuk,* 5 Cal.App.2d 729 [43 P.2d 579]; and *People* v. *Wilson,* 79 Cal.App. 709 [250 P. 879]. It also states that precise dates were alleged in both indictments, and cites authority for its contention that the jury could not properly have convicted the defendant on the first trial except upon a finding that he committed the offenses on those dates. But that conclusion does not follow. It does not appear in any of the cases relied on that the jury was given an instruction similar to the one given on the first trial of the defendant in the present case.

■ There is merit in the defendant's contention that under the instruction given at the first trial the jury might have convicted him if it had believed from the evidence that he committed the offenses on the dates charged in the second indictment. The instruction that the ''proof need only show that the offenses were in fact committed at any time before the filing of the indictment and within the three-year period of the statute of limitations'' does not confine the individual offenses to the stated periods. Under these circumstances the

jury could have found the defendant guilty of crimes committed at times other than the ''on or about'' dates but within the period of the statute of limitations. The offenses charged in the second indictment were committed ''within the three-year period of the statute of limitations'' and the evidence of those acts were before the court and jury on the first trial.

The prosecution contends that the instruction given at the first trial served merely to inform the jury of the operation of the applicable statute of limitations and was given in a standard and approved form. But the instruction is of broader scope. It is also concerned with the time within which the acts charged in the indictment could be identified and proved within the statutory period. The instruction correctly states the law with reference to the statute of limitations, and its validity otherwise is not here brought into question. The defense of alibi was not interposed and the effect of the instruction in such a case is not herein involved. (See *People* v. *Notz*, 73 Cal.App.2d 439 [166 P.2d 607]; *People* v. *Waits*, 18 Cal.App.2d 20, 21 [62 P.2d 1054].)

Section 1023 of the Penal Code states that a prior acquittal of the defendant is a bar to a second indictment for any offense ''of which he might have been convicted'' under the former indictment. The conclusion is irresistible that under the undisputed facts and the instruction of the court the jury on the first trial might have convicted the defendant had it found that he committed the acts on or about the dates named in the present indictment. The offered evidence should have been admitted and the conclusion reached by the court that the defendant had been once in jeopardy for the offense of grand theft charged in the present indictment.

The order denying the motion in arrest of judgment is nonappealable and the appeal therefrom is dismissed. The judgment and the orders denying motions for a new trial are reversed with direction to the trial court to dismiss the action.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.