[Crim. No. 3186.    Third Dist.    Sept. 20, 1961.]

THE PEOPLE, Respondent, v. ROBERT FRANK YOPP,
Jr., Appellant.

Bruce A. Werlhoff and Robert L. Barbour for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and C. Michael Gianola, Deputy Attorney General, for Respondent.

PEEK, J.—Defendant appeals from a judgment of conviction of a violation of section 702 of the Welfare and Institutions Code (contributing to the delinquency of a minor, a misdemeanor), and from the order denying his motion for a new trial.

On June 16, 1960, an indictment was returned charging defendant with the crime above mentioned. Following num-

erous continuances, the case finally came to trial on November 1, 1960. The jury was sworn and the indictment was read by the clerk, who stated that, "To this Indictment the defendant plead not guilty." Thereupon the noon recess was taken. Upon reconvening, defendant's counsel stated to the court that during the recess the defendant had said he had no recollection of entering a plea to the crime charged. After a somewhat lengthy discussion between the court and counsel, the trial was continued until the following day. On that day, the court reconvened and in the absence of the jury it was agreed that the record did not disclose that a formal plea had been entered. The court then indicated that it would recess as a superior court, reconvene as a juvenile court, and defendant would then be arraigned; and that it would be deemed he had made every legal objection to the procedure and that each objection would be deemed to have been overruled. Thereupon, defendant moved to quash the indictment on the ground that it was returned to the superior court instead of the juvenile court. This motion was denied. He further moved to set aside the indictment, pursuant to section 995 of the Penal Code. This motion was also denied. Defendant then refused to plead on the ground that the jury had been impaneled and that he could not be required to plead after the commencement of the trial, whereupon the court directed him to plead, stating that if he stood mute the court would enter a plea of not guilty pursuant to section 1024 of the Penal Code. Counsel for defendant then entered pleas of not guilty and former jeopardy and the matter was transferred to the superior court for trial.

Following the reconvening as the superior court, the matter was continued until November 9, 1960, in order to allow appellant to seek a writ of prohibition in this court. On November 7, 1960, defendant's petition was denied and on November 9, 1960, the trial was resumed. Defendant moved for a mistrial on the grounds that the taking of his plea after the trial had commenced was prejudicial and deprived him of due process of law. This motion was likewise denied and the cause proceeded to trial before the original jury. At the conclusion, defendant was found guilty, his motion for a new trial was denied, probation was granted, and this appeal followed.

■ There can be no doubt but that the procedure followed was erroneous (see Pen. Code, §§ 976, 990) ; it is equally clear, however, that there was no denial of due process. De-

fendant does not question the sufficiency of the evidence, nor could he, since the record contains ample evidence to sustain his conviction. Furthermore, the record also shows that he had ample notice of the charge and adequate opportunity to prepare for trial. There is no contention that he was denied any substantive right, other than that the procedural error resulted in a denial of due process.

His contention relative to due process is without merit. (*Garland* v. *Washington*, 232 U.S. 642 [34 S.Ct. 456, 58 L.Ed. 772].) Additionally, the question raised by defendant comes squarely within the provisions of article VI, section 4½ of the California Constitution, which specifically provides that: "No judgment shall be set aside, . . . for any error as to any matter of procedure, unless, . . . the error complained of has resulted in a miscarriage of justice."

In support of his contention, defendant cites *People* v. *O'Connor*, 81 Cal.App. 506 [254 P. 630], for the proposition that article VI, section 4½ is not so broad in its meaning as to permit a trial court to disregard the usual and ordinary procedure in the trial of a case and to substitute therefor a different and unrecognized mode of procedure. In that case, not only was there a question as to the propriety of joint trials, but in addition there was the question whether defendants were deprived of their right of trial by jury in that they were compelled to go to trial before jurors whom they were entitled to reject. Certainly no such constitutional right of defendant in the present case was affected by the procedural error or change which was a result of the mutual mistake of all the parties involved.

It appears to us that the case of *People* v. *Tomsky*, 20 Cal. App. 672 [130 P. 184], a decision by this court, is more in point. There, as here, the question on appeal related to the failure of defendant to enter a plea under which he was prosecuted and adjudged guilty. However, in that case the point was not raised until after defendant's conviction and the verdict was set aside by the trial court on its own motion. This court held, in reversing the order of the trial court, that the error was procedural, no prejudice was shown, and therefore, under article VI, section 4½, the action of the trial court was not grounds for reversal. (See also *People* v. *Hall*, 220 Cal. 166 [30 P.2d 23] ; *People* v. *McCalla*, 63 Cal.App. 783 [220 P. 436] ; *People* v. *Thal*, 61 Cal.App. 48 [214 P. 296] ; *People* v. *White*, 47 Cal.App. 400 [190 P. 821] ; *People* v. *Agnew*, 110 Cal.App.2d Supp. 837 [242 P.2d 410].)

■ Defendant's final contention that the trial court erred in failing to instruct the jury on the plea of former jeopardy is also without merit. There was no question of fact in issue regarding this plea; hence, only a question of law was presented. Under such circumstances the trial court was not required to submit the question to the jury. (*People* v. *Bechtel*, 41 Cal.2d 441 [260 P.2d 31]; *People* v. *Greer*, 30 Cal.2d 589 [184 P.2d 512]; *People* v. *Hess*, 107 Cal.App.2d 407 [237 P.2d 568].)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.