[Crim. No. 1083. Fifth Dist. Apr. 24, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
RAY JOHN LABRUM, Defendant and Appellant.

## Counsel

Molly H. Minudri, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler and James D. Garbolino, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**GARGANO, J.**—On March 27, 1968, defendant was received at the narcotic detention, treatment and rehabilitation facility in Tehachapi, California; he had been committed as a narcotic addict under chapter I of the Welfare and Institutions Code. On November 14, 1968, defendant was released on an outpatient status; he was returned to Tehachapi on January 15, 1969.

On July 14, 1970, defendant was given a three-day "temporary community release" pursuant to section 2690 of the Penal Code. By the terms of the temporary release, which was preparatory to permanent release, the defendant was ordered to return to the prison no later than July 17, 1970; he signed a furlough statement which read in part: "Do not be late returning. Remember, an unexcused tardiness and our inability to find you will result in escape charges being filed."

On July 20, 1970, defendant, who had not returned to the Tehachapi facility by the time specified, was arrested in Daly City for public intoxication. His status under the narcotic commitment was discovered by the Daly City police, and defendant was returned to the authorities in Kern County; he was charged with escape in violation of Welfare and Institutions Code section 3002. This section provides: "Every person committed pursuant to this chapter . . . who escapes or attempts to escape from lawful custody is guilty of a crime punishable by imprisonment in the state prison for not exceeding seven years. This section does not apply to unauthorized absence from a halfway house."

Defendant's jury trial on the escape charge began on December 14, 1970; after a one-day trial the jury found him guilty of violating Welfare and Institutions Code section 3002 as charged, and he was sentenced to state prison for the term prescribed by that statute. However, by the date of the trial subdivision (c) of section 4530 of the Penal Code, which was adopted by the Legislature during its 1970 session, had become effective. This subdivision deals, specifically, with escapes resulting from the failure of prisoners temporarily released pursuant to the provisions of section 2690 of the Penal Code to return to the place of confinement and makes such

escapes lesser offenses than those proscribed by Welfare and Institutions Code section 3002; under subdivision (c) of section 4530 the escape is punishable by imprisonment in the state prison for not more than five years; under Welfare and Institutions Code section 3002, the escapes are punishable by imprisonment in the state prison for not more than seven years; also, a conviction for violating subdivision (c) of section 4530, if accomplished without force or violence, cannot be charged as a prior felony conviction in any subsequent prosecution for a public offense; there is no comparable prohibition in section 3002.[1]

Defendant's-secondary contentions are quickly disposed of. We find no error in the court's instructions to the jury. Also, the record does not support the allegation that defendant was inadequately represented by counsel so that his trial was reduced to a farce or a sham. (*People* v. *Ibarra*, 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487]; *People* v. *Stearns*, 14 Cal. App.3d 178 [92 Cal.Rptr. 69].)

█ The crux of appellant's main contention for reversal is that he was not guilty of an escape within the ambit of Welfare and Institutions Code section 3002 because he was out on a "temporary community release" and was not in custody when he was picked up by the Daly City police. He argues that the failure of a prisoner on a temporary release to return to the place of confinement was not made a crime by the California Legislature until November 23, 1970, when the amendment to Penal Code section 4530 became effective and that the amendment cannot be given a retroactive application.

There is no merit to this contention. During the period of his temporary release, the defendant was in the constructive custody of the Tehachapi prison officials under the doctrine of custodia legis, and in July of 1970, his failure to return to the prison by the time specified in his "temporary release" was an escape within the ambit of Welfare and Institutions Code section 3002. It is the rule that a statute is to be construed according to the fair import of its terms with a view to effect its object and to promote justice. (Pen. Code, § 4; *People* v. *Mesa*, 265 Cal.App.2d 746 [71 Cal. Rptr. 594].)

---

[1]Subdivision (c) of Penal Code section 4530 became effective on November 21, 1970, and reads as follows: "The wilful failure of a prisoner who is employed or continuing his education, or who is authorized to secure employment or education, or who is temporarily released pursuant to the provisions of Sections 2690, 2910, or 6254 of this code, or Section 3306 of the Welfare and Institutions Code, to return to the place of confinement not later than the expiration of a period during which he is authorized to be away from such place of confinement, is an escape from such place of confinement punishable as provided in this section. A conviction of violation of this subdivision, not involving force or violence, shall not be charged as a prior felony conviction in any subsequent prosecution for a public offense."

The case of *People* v. *Haskins,* 177 Cal.App.2d 84 [2 Cal.Rptr. 34], is authoritative. In that case the defendant, who had been released from the county jail to participate in a work furlough program, met a woman in a bar, became drunk and failed to report back to jail. He was convicted under Penal Code section 4532, subdivision (b), as it existed in 1960; the section provided: "Every prisoner charged with or convicted of a felony who is confined in any county . . . jail . . . *or who is in the lawful custody of any officer or person,* who escapes . . . from such county . . . jail . . . *or from the custody of any officer or person in whose lawful custody he is, is guilty of a felony . . . .*" (Italics ours.) The appellate court sustained the conviction, reasoning that in the contemplation of the law, defendant was as much in the sheriff's custody when he left the jail for a limited period to engage in gainful employment as when he was confined within the jail.[2]

■ A more serious problem is presented by the fact that on July 20, 1970, when defendant was charged with an escape in violation of Welfare and Institutions Code section 3002, that statute was controlling, but on December 14, 1970, when defendant's trial commenced, subdivision (c) of section 4530 of the Penal Code had become effective. If we uphold the judgment in its entirety, we condone defendant's conviction of a crime, which by legislative decree is no longer as serious an offense as that for which he stood trial. On the other hand, according to the jury, defendant was guilty of an inexcusable failure to return to the Tehachapi facility within the time specified in his "temporary community release," and to reverse the judgment and order a new trial on the same issue and on the identical evidence serves no useful purpose. Neither of the above solutions is consonant with justice and equity.

We have two other choices.

First, we can affirm the judgment of conviction and remand the cause for resentencing under the rule of *In re Estrada,* 63 Cal.2d 740 [48 Cal. Rptr. 172, 408 P.2d 948]. In that case the Supreme Court held that where an amendatory statute mitigates punishment and there is no saving clause, the amendment operates retroactively so that the lighter punishment must be imposed as to all cases not reduced to final judgment at the time the amendment became effective.

---

[2]Appellant questions the validity of his release under section 2690 of the Penal Code. He argues that the three-day release was invalid and suggests that he was not guilty of an escape for this reason. An essentially similar argument was adequately disposed of in *People* v. *Perez,* 24 Cal.App.3d 340 [100 Cal.Rptr. 834]. As of this writing the *Perez* opinion is not final; however, the cases cited therein are authoritative.

This solution is unacceptable. Escapes of the kind involved in this case are, more often than not, brought about by the defendant's irresistible impulse to inject heroin. It is undoubtedly for this reason that the Legislature not only reduced the maximum punishment but declared that a conviction of violating subdivision (c) of section 4530 cannot be charged as a prior felony conviction in any subsequent prosecution for a public offense. Yet, if we uphold defendant's conviction of violating section 3002 and order the lower court to impose the lesser prison sentence prescribed by subdivision (c) of section 4530, we deprive the defendant of an important benefit which flows from a conviction under subdivision (c). Remanding the cause for resentencing would not erase defendant's present conviction, and the conviction under section 3002 could be charged as a prior felony conviction in a subsequent prosecution for a public offense.

A second solution, and the one we favor, is found in the rationale of *People* v. *Marshall,* 48 Cal.2d 394 [309 P.2d 456]. Prior to that case, it was the settled law of this state that a defendant could be convicted lawfully of a crime only if it were charged against him by the indictment or information or was necessarily included in the offense charged; it was also generally assumed that the lesser crime was not necessarily included in the greater unless the greater offense could not be committed without also committing the lesser. (*In re Hess,* 45 Cal.2d 171 [288 P.2d 5]; *People* v. *Harris,* 191 Cal.App.2d 754 [12 Cal.Rptr. 916].) In the *Marshall* opinion, *supra,* the California Supreme Court expanded the definition of a lesser included offense to include any lesser crime embraced within the specific allegations of the accusatory pleadings; the defendant was charged with robbery in violation of Penal Code section 211 and was convicted of taking a vehicle without the owner's consent in violation of Vehicle Code section 503, now section 10851; the high court affirmed the conviction because the allegations of the accusatory pleadings fairly apprised the defendant of the charge. Under *Marshall,* therefore, the test as to whether a defendant's conviction of a charge not specifically mentioned in the indictment or information is valid depends upon whether the accusatory pleadings gave him notice of every possible theory under which the prosecution was proceeding. (*People* v. *Collins,* 54 Cal.2d 57 [4 Cal.Rptr. 158, 351 P.2d 326]; *People* v. *Ireland,* 70 Cal.2d 522 [75 Cal.Rptr. 188, 450 P.2d 580, 40 A.L.R.3d 1323].)

The record in this case unequivocally demonstrates that at the time of his trial, defendant was fully apprised of the exact nature of the charge against him, was fully prepared to meet the charge and was accorded a fair and impartial trial. Also, the essence of the jury's verdict is that the defendant was guilty of an inexcusable failure to return to the Tehachapi facility by the time specified in his "temporary community release." Because

at the time of defendant's trial the failure of a prisoner temporarily released pursuant to the provisions of Penal Code section 2690 to return to the place of confinement was an escape within the ambit of subdivision (c) of Penal Code section 4530, we hold that defendant was, in reality, convicted of the lesser offense proscribed by that statute and that the record must be corrected so that he will receive all advantages which flow from the lesser conviction.

We have reached an unusual solution to an unusual, and perhaps singular, problem. However, it is our duty to protect the rights of the defendant as well as the interests of society. As was said in *People* v. *Odom,* 3 Cal. App.3d 559, 565 [83 Cal.Rptr. 520]: "While procedural exactness is to be admired, it is no longer considered an indispensable ingredient to effective judicial administration, and a court may look through form to substance if necessary to attain justice."

The cause is remanded with directions to the trial court to correct the record in order to show that defendant was convicted of escape in violation of subdivision (c) of Penal Code section 4530, and to sentence defendant under that section. In all other respects, the judgment is affirmed.

Stone, P. J., and Brown (G. A.), J., concurred.