[Crim. No. 1215. Fifth Dist. Sept. 7, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL RAMIREZ, Defendant and Appellant.

## Counsel

Willard L. Weddell, Public Defender, and Robert T. Baca, Deputy Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby and Edward A. Hinz, Jr., Chief Assistant Attorneys General, William E. James, Assistant Attorney General, Daniel J. Kremer, Edward W. Bergtholdt and A. Wells Petersen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FRANSON, J.**\*—Appellant appeals from a conviction by a jury under an amended information charging him with violation of Welfare and Institutions Code section 3002, escape from the California Rehabilitation Center, at Tehachapi, California.

Following a felony conviction in the Superior Court of San Joaquin County, appellant was committed to the California Rehabilitation Center at Corona on September 3, 1968. From August 21, 1969, to the date of the events hereinafter described he was confined at the rehabilitation facility at Tehachapi. On July 14, 1970, he was allowed to leave the institution on a 72-hour temporary community release pursuant to the authority contained in section 3306 of the Welfare and Institutions Code. Prior to his release appellant was fully advised of the conditions of his release and of the requirement that he return to the facility by July 17, 1970. He did not return within the prescribed time.

In the original information filed by the district attorney on October 9, 1970, appellant was charged with violating Penal Code section 4530, subdivision (b), escape from state prison. The information alleged that on July 17, 1970, while a prisoner in the California Correctional Institution at Tehachapi and in the lawful custody of the superintendent of the institution he escaped from the institution. Appellant was thereafter arraigned on the information and entered a plea of not guilty and requested a jury trial. Trial commenced December 7, 1970; the jury was called, impaneled and sworn. After swearing the jury, the court excused the jurors from the courtroom and the prosecutor moved to amend the information to allege a violation of Welfare and Institutions Code section 3002. Over defense objection the motion to amend was granted and the information was amended by interlineation. Counsel for appellant then advised the court that he was not prepared to go to trial on the amended information and requested a continuance. Over the prosecutor's objection a continuance was granted and the court discharged the jury. On December 9, 1970, the district attorney filed a new amended information alleging a violation of section 3002 of the Welfare and Institutions Code. The amended infor-

---

*Assigned by the Chairman of the Judicial Council.

mation alleged that appellant on July 17, 1970, being a person committed as a narcotic addict pursuant to chapter I of the Welfare and Institutions Code, escaped from the narcotic rehabilitation facility at Tehachapi. Appellant was arraigned on the amended information and entered pleas of not guilty and once in jeopardy. Jury trial commenced on March 22, 1971. As part of his defense appellant sought to present to the jury evidence on the issue of his jeopardy at the first trial. The trial court refused to allow the matter to be considered by the jury and ruled as a matter of law that appellant had not been in jeopardy. Appellant was found guilty on the charge contained in the amended information.

Appellant raises many contentions of error which we have reduced to three issues deserving of discussion: (1) The validity of his prosecution under Welfare and Institutions Code section 3002. (2) The sufficiency of the evidence to uphold the conviction. (3) The defense of once in jeopardy.

Appellant raises the question whether an inmate released under a temporary community release pursuant to Welfare and Institutions Code section 3306 and who fails to return within the time specified can be tried for escape under Welfare and Institutions Code section 3002 after November 23, 1970.

Welfare and Institutions Code section 3002 provides: "Every person committed pursuant to this chapter or former Chapter 11 (commencing with Section 6399) of Title 7 of the Penal Code who escapes or attempts to escape from lawful custody is guilty of a crime punishable by imprisonment in the state prison for not exceeding seven years. This section does not apply to unauthorized absence from a halfway house."

In 1970 the Legislature added subdivision (c) to Penal Code section 4530, effective November 23, 1970, which provides: "The willful failure of a prisoner who is employed or continuing his education, or who is authorized to secure employment or education, or who is temporarily released pursuant to the provisions of Sections 2690, 2910, or 6254 of this code or Section 3306 of the Welfare and Institutions Code, to return to the place of confinement not later than the expiration of a period during which he is authorized to be away from such place of confinement, is an escape from such place of confinement punishable as provided in this section. A conviction of violation of this subdivision, not involving force or violence, shall not be charged as a prior felony conviction in any subsequent prosecution for a public offense."

Inasmuch as the amendment to Penal Code section 4530 became effective prior to trial, we conclude that appellant's failure to return from the temporary community release should have been prosecuted as a violation

of Penal Code section 4530, subdivision (c), rather than as a violation of Welfare and Institutions Code section 3002. We believe this conclusion is compelled by the rule announced by our Supreme Court in *In re Estrada* (1965) 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948], that where an amendatory statute mitigates punishment and there is no saving clause the amendment operates retroactively so that the lighter punishment must be imposed as to all cases not reduced to final judgment at the time the amendment became effective. (*People* v. *Labrum* (1972) 25 Cal.App.3d 105, 109-111 [101 Cal.Rptr. 602]; *People* v. *Perez* (1972) 24 Cal.App.3d 340, 345 [100 Cal.Rptr. 834].)

Having concluded that appellant was prosecuted under the wrong statute we turn next to the question of whether such error requires a reversal of his conviction. We conclude that it does not. An analogous situation was presented in *People* v. *Siegel* (1961) 198 Cal.App.2d 676 [18 Cal.Rptr. 268], where a defendant was charged with violation of Penal Code section 664, attempted escape from a county jail. It was alleged that defendant was a prisoner charged with a violation of section 11500 of the Health and Safety Code and was confined in the Santa Clara County jail and attempted to escape from the jail. He properly should have been charged with a violation of Penal Code section 4532, subdivision (b), which provided at that time: "Every prisoner charged with, or convicted of a felony who is confined in any county . . . jail . . . who escapes or attempts to escape . . . is guilty of a felony. . . ." The court ruled that the error was not prejudicial in that the charging language under which defendant was prosecuted was exactly that which would support a charge under the proper statute; that he was fully apprised of the offense of which he was being tried, his own attempted escape, and the error in alleging the wrong statute was unimportant as the only practical difference between the two statutes was the matter of punishment. (*People* v. *Aresen* (1949) 91 Cal. App.2d 26, 36 [204 P.2d 389, 957]; *People* v. *Beber* (1951) 104 Cal.App. 2d 359, 370 [231 P.2d 516].) ■ In the instant case appellant was informed of the offense of which he was about to be tried, i.e., his failure to return to Tehachapi at the time specified, he was given ample time to meet the charge and was accorded a fair trial. In a similar situation this court in *People* v. *Labrum, supra,* 25 Cal.App.3d 105, at pages 109-111, applied the rationale of *People* v. *Marshall* (1957) 48 Cal.2d 394 [309 P.2d 456] and held that Penal Code section 4530, subdivision (c), specifies a lesser crime embraced within the specific allegations of Welfare and Institutions Code section 3002; that in reality the defendant was convicted of the lesser crime even though not charged in the information.

In any event, we must remand with directions to the trial court to cor-

rect the record to show that appellant was convicted of escape in violation of Penal Code section 4530, subdivision (c), and to sentence appellant under that section. (*People* v. *Labrum, supra,* 25 Cal.App.3d 105, 110.)

Appellant next contends that his 72-hour community release for the purpose it was granted was not authorized under Welfare and Institutions Code section 3306 as the section read in 1970 and, therefore, his release was invalid and his failure to return voluntarily was not an escape. Welfare and Institutions Code section 3306 was enacted in 1969 (Stats. 1969, ch. 1425, § 1, p. 2925) probably to parallel the provisions then contained in Penal Code section 2690 pertaining to temporary removal of prisoners from state prison. In doing so it appears that a comma or the disjunctive coordinate "or" missing from section 2690 between the words "institution" and "for" in the first sentence of the second paragraph of the section, as it read in 1969, was also omitted in section 3306. In 1970 section 2690 was amended (Stats. 1970, ch. 830, § 1, p. 1563), to allow the Director of Corrections to authorize the temporary removal from prison of any inmate for a period not longer than three days. Section 3306 of the Welfare and Institutions Code was amended in 1971 (Stats. 1971, ch. 1124, § 1, p. 266, operative Jan. 1, 1972) to allow the director to authorize the temporary removal of any person confined in a rehabilitation center for a period not longer than three days. Both sections apply to persons under the control of the Department of Corrections but in different circumstances.

■ It is obvious that the omission of the comma or the disjunctive "or" in Welfare and Institutions Code section 3306 following a similar mistake in Penal Code section 2690, from which it was adopted, was a clerical error. Statutes are interpreted to give effect to legislative intent (*County of Los Angeles* v. *Frisbie* (1942) 19 Cal.2d 634, 639 [122 P.2d 526]; *People* v. *Pallares* (1952) 112 Cal.App.2d Supp. 895, 900 [246 P.2d 173]) and to produce a result that is reasonable (*Metropolitan Water Dist.* v. *Adams* (1948) 32 Cal.2d 620, 630 [197 P.2d 543]). The apparent purpose and intent of a statute will not be sacrificed to a literal construction (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]; *San Bernardino Fire & Police Protective League* v. *City of San Bernardino* (1962) 199 Cal.App.2d 401, 410-414 [18 Cal.Rptr. 757]). Applying these rules of statutory construction, section 3306 of the Welfare and Institutions Code as it existed in 1970 authorized appellant's release; his failure to return at the time specified was an escape. (*People* v. *Perez, supra,* 24 Cal.App.3d 340, 346.) ■ A person need not be in physical custody nor under the immediate control and supervision of an official to effect an escape. (Pen. Code, § 4504, subd. (b); *People* v. *Owens* (1965) 236 Cal.App.2d 403, 404 [46 Cal.Rptr. 91]; *People* v. *Armstrong*

(1961) 188 Cal.App.2d 745, 749 [10 Cal.Rptr. 618]; *People* v. *Haskins* (1960) 177 Cal.App.2d 84, 87 [2 Cal.Rptr. 34].)

Appellant next contends that there was insufficient evidence to support his conviction of an escape from Tehachapi. The appellate rule with respect to a challenge of the sufficiency of the evidence to support a conviction is applicable to crimes of escape the same as other criminal offenses. (*People* v. *Miller* (1961) 196 Cal.App.2d 171, 175 [16 Cal.Rptr. 408].) This court must view the evidence in a light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. (*People* v. *Reilly* (1970) 3 Cal.3d 421, 425 [90 Cal.Rptr. 417, 475 P.2d 649]; *People* v. *Mosher* (1969) 1 Cal.3d 379, 395 [82 Cal.Rptr. 379, 461 P.2d 659]; *People* v. *Sweeney* (1960) 55 Cal.2d 27, 33 [9 Cal.Rptr. 793, 357 P.2d 1049].) ■ The People may rely on circumstantial evidence to prove beyond a reasonable doubt that a defendant committed the crime charged. (*People* v. *Huizenga* (1950) 34 Cal.2d 669, 675-676 [213 P.2d 710]; *People* v. *Alcalde* (1944) 24 Cal.2d 177, 184 [148 P.2d 627].)

■ Competent evidence was introduced to show that appellant was committed from the Superior Court of San Joaquin County to the Department of Corrections, California Rehabilitation Center, at Corona, California; that on August 21, 1969, he was transferred to the Tehachapi facility; that prior to July 14, 1970, he was prepared and processed for a temporary community release for 72 hours pursuant to Welfare and Institutions Code section 3306; that on July 14, 1970, the date his release was to commence, appellant passed through the control gate at the institution and was escorted by a correctional officer to the town of Tehachapi where he was released; that on July 17, 1970, the date on which appellant was to return, the institution records indicated that he was not logged in as having returned; that at no time after July 14 was appellant seen at the institution; that on September 25, 1970, more than two months after his scheduled return, appellant was received at the Kern County jail upon transfer from the custody of the Stockton Police Department.

There is sufficient direct and circumstantial evidence to uphold the finding of the jury that appellant willfully failed to return from his temporary community release, in violation of Penal Code section 4530, subdivision (c).

We next turn to appellant's contention that when the trial court discharged the jury on December 7 jeopardy had attached on the charge of escape (whether viewed as a prosecution for violation of Penal Code section 4530, subdivision (b), or a violation of Welfare and Institutions Code section 3002 or the lesser crime of violation of Penal Code section 4530, subdivision (c)); that under his plea of once in jeopardy the issue should

have been submitted to the jury rather than ruled on by the court as a matter of law.

To answer these contentions we must examine the events of December 7 preceding the discharge of the jury. The record shows that after the jury was sworn and excused from the courtroom and after the judge had granted the motion to amend the information, appellant's counsel advised the court that because of the amendment, ". . . we are not prepared to go to trial on that basis, at the present time." In response to the court's inquiry as to how and in what manner the defense would be different under the amended information than what had been intended under the original information, appellant's counsel stated: ". . . In the first instance, I felt confident we could rely on no defense being presented with the charge as it was, 4530 (B) of the Penal Code. Under the present situation with the new charge charging escape under the Welfare and Institutions Code Section, I feel that we must now present a defense or be precluded from winning this case."

The district attorney then stated that in his opinion a reasonable continuance "would be about thirty minutes"; the court stated, "Well, I thought of a one-day continuance, myself," and asked defense counsel whether he could commence a trial the next morning. In response defense counsel then stated: "No, your Honor, I don't think so. If we are to produce any witnesses other than the defendant, himself, these witnesses are going to have to come from San Francisco and other places far out of this county. . . ."

The court then stated: "Well, I have granted the motion for continuance. Do you think you need more than a day?" Defense counsel then stated, "Oh, yes, I need more than a day. Two or three weeks." The court then inquired as to whether defense counsel wanted to have a new date fixed at that time or whether the matter should be referred back to the criminal department for setting. Defense counsel then responded, "I think we will have to set it through the criminal calendar so there won't be the conflicts we might come up with." The court then stated: "The motion for continuance is granted and the case assigned back to Department Five for resetting for jury trial, because that is our criminal court.

". . . . . . . . . . . . . . . . .

"We will get a new trial day and we will have to get a new jury."

After assigning the case back to the criminal department the court discharged the jury.

█ Jeopardy attaches when a defendant is placed on trial in a court of competent jurisdiction on a valid accusatory pleading before a jury

duly impaneled and sworn. A discharge of that jury without a verdict is equivalent in law to an acquittal and bars a retrial unless a defendant consented thereto or legal necessity required it. (*Curry* v. *Superior Court* (1970) 2 Cal.3d 707, 712 [87 Cal.Rptr. 361, 470 P.2d 345]; *Paulson* v. *Superior Court* (1962) 58 Cal.2d 1, 5 [22 Cal.Rptr. 649, 372 P.2d 641]; *Cardenas* v. *Superior Court* (1961) 56 Cal.2d 273, 275 [14 Cal.Rptr. 657, 363 P.2d 889, 100 A.L.R.2d 371]; *Jackson* v. *Superior Court* (1937) 10 Cal.2d 350, 356-357 [74 P.2d 243, 113 A.L.R. 1422].) There was, of course, no legal necessity for the discharge of the jury, so the issue narrows down to whether the affirmative conduct by appellant through his counsel in seeking a continuance of two to three weeks in order to produce witnesses to testify in defense of the charges, together with his request that the resetting be handled through the criminal department, implies consent by appellant to a discharge of the jury.

While the precise factual situation here presented has apparently not been before our appellate courts, we note the following statement from *Curry* v. *Superior Court, supra,* 2 Cal.3d 707, at page 713: "When a trial court proposes to discharge a jury without legal necessity therefor, the defendant is under no duty to object in order to claim the protection of the constitutional guarantee, and his mere silence in the face of an ensuing discharge cannot be deemed a waiver. [Citations.] *It is true that affirmative conduct by the defendant may constitute a waiver if it clearly evidences consent* [citations], and such a waiver will a fortiori be implied when the defendant actually initiates or joins in a motion for mistrial [citation]." (Italics added.) (See also *People* v. *Compton* (1971) 6 Cal.3d 55, 62 [98 Cal.Rptr. 217, 490 P.2d 537]; *People* v. *Terry* (1970) 2 Cal.3d 362, 386 [85 Cal.Rptr. 409, 466 P.2d 961]; *People* v. *Kelly* (1933) 132 Cal. App. 118, 122 [22 P.2d 526].)

██ It is well established that where a defendant takes affirmative steps to seek a new trial (*People* v. *Tong* (1909) 155 Cal. 579, 582-584 [102 P. 263]), moves for a mistrial (*People* v. *Mills* (1957) 148 Cal.App.2d 392, 395 [306 P.2d 1005]), or moves in open court to dismiss the indictment based on substantive grounds (*People* v. *Finch* (1953) 119 Cal.App. 2d Supp. 892, 899 [258 P.2d 1124]), he cannot later be heard to plead once in jeopardy as his conduct will have constituted an implied consent to the discharge of the jury. In *People* v. *Kelly, supra,* 132 Cal.App. 118, the prosecutor, after a prior mistrial for introducing prejudicial matter, elicited the same matter again. Defense counsel first asked that it be stricken, and then, after discussion during recess, declared "I am satisfied . . . this case should either result in a mistrial or an instructed verdict" and "I am going to ask that we have an instructed verdict. . . ." (At p. 121.) The

judge granted a mistrial. It was held that the remarks of defense counsel amounted to an implied consent to a discharge of the jury. "To say that a defendant is satisfied that a case should result in a mistrial, in sound reason and common sense, strongly implies a consent that such a result should obtain." (*People* v. *Kelly, supra,* 132 Cal.App. 118, at p. 122.) Likewise, to seek a lengthy continuance and to agree to the assignment of the case back to the criminal department for resetting strongly implies a consent to the discharge of the jury.

Several cases from other jurisdictions have held that where a defendant moves for a continuance and the motion is granted the subsequent discharge of the jury is deemed to have been with the implied consent of the defendant (*Holt* v. *State* (1945) 223 Ind. 217 [59 N.E.2d 563, 564-565]; *State ex rel. Lukich* v. *Superior Court* (1927) 145 Wash. 450 [260 P. 671, 672]; *White* v. *State* (1923) 23 Okla. Crim. 198 [214 P. 202, 204-205]). (See also annotation in 63 A.L.R.2d 782, 801-802; 100 A.L.R.2d 371.)

■ In our opinion, the only reasonable inference to be drawn from the events of December 7 is that appellant impliedly consented to a discharge of the jury. Having consented, he waived his right to claim jeopardy at the subsequent trial (*People* v. *Mills, supra,* 148 Cal.App.2d 392, 395; *People* v. *Kelly, supra,* 132 Cal.App. 118).

Appellant asserts that the issue of once in jeopardy should have been submitted to the jury as a question of fact. Viewing the law in its literal terms, a plea of double jeopardy raises an issue of fact (Pen. Code, § 1041, subd. 3). The Penal Code also provides that all issues of fact in criminal cases are to be tried by a jury unless jury trial is waived (Pen. Code, § 1042; Cal. Const., art. I, § 7; see also *People* v. *Frank* (1933) 134 Cal.App. 211, 214 [25 P.2d 486]).

However, as stated in *People* v. *Vigghiany* (1960) 181 Cal.App.2d 621, at page 631 [5 Cal.Rptr. 501]: "Where the facts are uncontradicted and different inferences cannot be drawn, the decision on a plea of once in jeopardy . . . is one of law for the court to decide, not the jury." (See also *People* v. *Bechtel* (1953) 41 Cal.2d 441, 445 [260 P.2d 31]; *People* v. *Greer* (1947) 30 Cal.2d 589, 595-596 [184 P.2d 512]; *People* v. *Yopp* (1961) 195 Cal.App.2d 726, 729 [16 Cal.Rptr. 115]; *People* v. *Hess* (1951) 107 Cal.App.2d 407, 426 [237 P.2d 568].)

■ In the case at hand the facts are not in dispute. Defense counsel was not ready to defend the case on its merits. In the presence of appellant he refused to accept a one-day continuance offered by the court and sought a lengthy continuance of two or three weeks in order to produce witnesses

on appellant's behalf. He expressed the opinion that the case should be transferred back to the criminal department for resetting. As a member of the Public Defender's office of Kern County and an experienced trial attorney, he obviously knew that the matter would be reset before another jury. All facts being considered, we conclude that only one reasonable inference can be drawn, that appellant impliedly consented to a discharge of the jury then ready to try the case. We find no error in the trial court's ruling on the plea of once in jeopardy as a matter of law.

The cause is remanded with directions to the trial court to correct the record to show that appellant was convicted of escape in violation of Penal Code section 4530, subdivision (c), and to sentence appellant under that section. In all other respects the judgment is affirmed.

Stone, P. J., and Gargano, J., concurred.