[Civ. No. 36383. First Dist., Div. Three. July 8, 1975.]

DAVID ALLAN YOST, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA
COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Sheldon Portman, Public Defender, Frank D. Berry, Jr., and C. Randall Schneider, Deputy Public Defenders, for Petitioner.

·No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and James D. Hurwitz, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**BROWN (H. C.), J.**—Petitioner David Allan Yost seeks to prohibit further proceedings relative to an information charging him with violation of Penal Code section 4532, escape from a prison work furlough.

The State of California and petitioner stipulated to the facts. It is petitioner's contention that these facts are insufficient to support the charge of escape and that the information should be dismissed. He concedes that his conduct violated his work furlough and that he is subject to penalty under Penal Code section 1208, subdivision (g), for such violation. ██ Therefore, the issue before us is whether this violation of work furlough conditions also indicates either an actual or implied general criminal intent justifying prosecution under the escape statute, Penal Code section 4532, as well.

The facts may be briefly summarized as follows: On August 1, 1974, when the alleged escape occurred, Yost was an inmate in the Santa Clara County jail. He had been selected for the work furlough program and was released from the county jail to work for one Paul Marsol in the City of Milpitas, a short distance from the jail. As a condition of his work furlough, he was required to walk to and from work and to refrain from riding in automobiles. His hours of work were from 3:30 p.m. to about midnight, and he was to leave work in time to return to county jail at 12:45 a.m. On August 1, 1974, he failed to report for work. He was arrested that evening at about 8:30 p.m. in San Jose, in an automobile driven by one Anthony Moley. His arrest was based upon suspicion of

robbery, which charge was later dismissed. However, his detention by the San Jose Police Department prevented him from returning to the Santa Clara County jail on time.

Yost violated three conditions of his work furlough: (1) he deviated from the physical limits of his furlough by failing to report for work, (2) he traveled by automobile, and (3) he had an unauthorized visit with a friend. The determination to grant or deny this petition for writ of prohibition depends upon whether these violations should be treated exclusively under Penal Code section 1208, subdivision (g), or may also support a Penal Code section 4532, subdivision (a), conviction.

Penal Code section 4532, subdivision (a), provides in essential part that every prisoner who is "authorized to secure employment . . . away from the place of confinement, pursuant to the Work Furlough Rehabilitation Law (Section 1208), and who thereafter escapes or attempts to escape from such county . . . jail . . . or from the custody of any officer or person in whose lawful custody he is, is guilty of a felony." That section further provides that the willful failure of a prisoner in the work furlough program "to return to the place of confinement" on time "is an escape from such place of confinement punishable as provided in this subdivision."

Section 1208 of the Penal Code, which authorizes the work furlough program, provides as follows:

"(g) In the event the prisoner violates the conditions laid down for his conduct, custody, education, or employment, the work furlough administrator may order the balance of the prisoner's sentence to be spent in actual confinement.

"(h) Willful failure of the prisoner to return to the place of confinement not later than the expiration of any period during which he is authorized to be away from the place of confinement pursuant to this section is punishable as provided in Section 4532 of the Penal Code."

Although Yost failed to return to his place of confinement on time, he was prevented from doing so by his arrest in San Jose for suspicion of robbery. He cannot be said to have willfully failed to return on time when he was prevented from so doing by the action of the police authorities. Thus, the charge of escape to be sustained must be limited to

the evidence of his departure from his work schedule and his being in an unauthorized locality, in an unauthorized means of transportation.*

The Attorney General argues (1) that escape statutes should be interpreted liberally (*In re Haines,* 195 Cal. 605, 621 [234 P. 883]), so that " 'the unlawful departure of a prisoner from the limits of his custody,' " (*People* v. *Quijada,* 53 Cal.App. 39, 41 [199 P. 854]), would be considered an escape, (2) that here the express intent to escape is shown by petitioner's three violations of the furlough conditions, (3) that his intent to escape should be implied in law so that he may be held responsible for more serious violation of the law which resulted from the commission of less serious offenses—in this case his failure to return on time resulted from his unlawfully being in a place where he might be detained by the police, (4) that the facts disclose at least an attempted escape, and (5) that in the interest of society his actions should be deemed an escape because otherwise a prisoner who was captured in a real escape attempt during the period of his work furlough could only be convicted of rule violation, thus effectively creating a head start on escape.

The People's arguments are not persuasive. First, no matter how liberally Penal Code section 4532 might be interpreted to create a policy benefiting the public, the courts have no authority to add to the plain wording of a statute. Penal Code section 4532, subdivision (a), expressly provides for escape penalties for a *willful* failure of a prisoner to return to his place of confinement on time. There was no evidence of a willful failure to return on time.

Secondly, there is no indication from the facts of a general criminal intent (*People* v. *Hayes,* 16 Cal.App.3d 662, 666 [94 Cal.Rptr. 222]), and I am not convinced that such an intent should be implied. Of course, specific intent to escape is not required. At the time of his arrest, he had several hours to return to his place of confinement. There is no indication that he had maps, large sums of money, clothes, or personal belongings with him. The facts merely show that he was violating work furlough conditions and that he was prevented from returning by his arrest on suspicion of robbery.

*Prior cases on the issue of escape from work furlough are not helpful here as all involved willful failures to return to the place of confinement on time. (See *People* v. *Ramirez,* 27 Cal.App.3d 660 [104 Cal.Rptr. 102] (failure to return after leave had expired); *People* v. *Labrum,* 25 Cal.App.3d 105 [101 Cal.Rptr. 602] (defendant discovered three days after his furlough had expired); *People* v. *Perez,* 24 Cal.App.3d 340 [100 Cal.Rptr. 834] (failure to return for three months); *People* v. *Haskins,* 177 Cal.App.2d 84 [2 Cal.Rptr. 34] (defendant failed to return and went on a three-day drinking spree before arrested).)

The reasoning which applies to express an implied intent applies as well to the People's attempted escape contention: the facts do not show any general criminal intent and will therefore not support an attempt charge. The People argue that unless his actions are deemed to constitute either an escape or attempted escape, a prisoner would be granted a head start of many hours towards an actual escape. This reasoning is fallacious in that it overlooks the fact that if any prisoner on work furlough is discovered to have violated his conditions during the time of his furlough, he may be apprehended, and returned to confinement. He would have no greater a head start if later merely charged with a violation of furlough conditions than if he were later charged with escape. It is improbable that a prisoner would base his decision to escape upon the probability that he would be apprehended before his work furlough expired and would receive the comparatively light penalty of loss of furlough privileges.

The provisions of both Penal Code section 4532, subdivision (a), and Penal Code section 1208, subdivision (h), require willful failure to return before a work furlough prisoner is deemed to have escaped. It would seem sufficient to have directed attention to the specific language of each of these sections which precludes an interpretation that petitioner's conduct constituted an escape. But, moreover, the Legislature has carefully made provision for violation of conditions laid down for the conduct of prisoners granted the privilege of work furlough. Penal Code section 1208, subdivision (g), provides that, in the event of violation of prescribed conditions, the prisoner may be ordered to spend the balance of his sentence in actual confinement.

To restate, there is no evidence of criminal intent. He had time to change his mind and to repent. (See *locus poenitentiae*, Black's Law Dict. (3d ed.) p. 1129.) Under certain factual situations, there may be present elements indicating such an intent without the fact of willful failure to return to the place of confinement on time. In such a case an attempt prosecution may be supportable. No such evidence is present here.

The facts here establish possible untrustworthiness of petitioner. He had originally been convicted of a felony but was sentenced to the county jail. He was accorded the further privilege of being placed in the work furlough program. Leniency and attempts to assist in his rehabilitation were frustrated by his actions. The issue of more severe penalties for violation of conditions of one on the work furlough program, however, is for the Legislature and not the courts.

The conduct of petitioner in violating these conditions subjects him to the penalty prescribed in Penal Code section 1208, subdivision (g), but not to the penalties for the more serious offense of escape.

It is ordered that the writ be granted.

**DRAPER, P. J.**—I concur in the judgment.

One on a work furlough program is guilty of escape if he willfully fails to return to jail at the specified time. (Pen. Code, § 4532, subd. (a).) Here, petitioner's failure to return was hardly wilful, since it resulted only from his arrest on suspicion of an offense of which admittedly he was not guilty.

Of course, the rule governing such furlough prisoners is not so restrictive as to prevent a finding of escape earlier than the moment of the scheduled return. For example, a work furlough man found at an airport boarding an outbound plane could well be guilty of escape. But no facts tending to show escape are presented here. Far from indicating "willful failure . . . to return to the place of confinement" (Pen. Code, § 4532, subd. (a)), the evidence here shows only an offense at the opposite end of the chronological scale—a failure to report to his place of employment. Thus he has violated the "conditions laid down for . . . employment" (Pen. Code, § 1208, subd. (g)). The penalty for such violation is but administrative—"the work furlough administrator may order the balance of the prisoner's sentence to be spent in actual confinement."

This evidence has been thrice presented to a magistrate at preliminary hearing. The first two held it insufficient to support a holding order. The prosecution has shown a tenacity worthy of a much more serious offense, but the case must end sometime, and this seems an appropriate date.

**SCOTT, J.**—I dissent.

This petition for writ of prohibition is made pursuant to Penal Code section 999a, which comes after denial of Yost's motion to dismiss the information pursuant to Penal Code section 995.

Our function is not to determine whether Yost is guilty or not guilty, but to determine whether there was probable cause shown which would lead an ordinary, cautious or prudent man to believe and conscientiously

entertain a strong suspicion of the guilt of the accused. The prosecution should not be prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it. (*Rideout* v. *Superior Court* (1967) 67 Cal.2d 471 [62 Cal.Rptr. 581, 432 P.2d 197].)

Escape is the unlawful departure of a prisoner from the limits of his custody. (*People* v. *Quijada* (1921) 53 Cal.App. 39 [199 P. 854].) Penal Code section 4532, subdivision (a), provides an additional definition of escape, that is, "the willful failure of a prisoner . . . to return to the place of confinement" at the appointed time. I do not read this latter definition as the exclusive manner in which an inmate, while on work furlough, can escape from custody, particularly in light of the policy of the law to liberally construe escape statutes according to the fair import of their terms. (*People* v. *Redmond* (1966) 246 Cal.App.2d 852 [55 Cal.Rptr. 195]; *In re Haines* (1925) 195 Cal. 605 [234 P. 883].)

Whether the petitioner was attempting to escape, or was merely violating his work furlough conditions is a question to be decided by a trier of fact. The majority seems to recognize that there can be an attempt to escape before there is an actual failure to return to confinement. Certainly here where the petitioner was discovered many miles from where he was supposed to be, in an automobile, is sufficient evidence to hold him for trial for violation of Penal Code section 4532, subdivision (a).

It appears that this court is improperly substituting its judgment as to the weight of the evidence for that of the magistrate, and is not drawing every legitimate inference that may be drawn from the evidence in favor of the charge. (*Rideout* v. *Superior Court*, *supra*, at p. 474.)

I would deny the writ.