**SCOTT v. UNITED STATES.**

**JONES v. UNITED STATES.**

**JOHNSON v. UNITED STATES.**

**BAYNE v. UNITED STATES.**

Nos. 11432, 11433, 11434 and 11435.

United States Court of Appeals.
District of Columbia Circuit.

Argued July 3, 1952.

Decided Aug. 7, 1952.

Writ of Certiorari Denied Nov. 10, 1952.
See 73 S.Ct. 176.

William E. Owen and Earl H. Davis, Washington, D. C., for appellants.

William J. Peck, Asst. U. S. Atty., Washington, D. C., with whom Charles M. Irelan, U. S. Atty., and Frederick C. Smithson, Grace B. Stiles, Joseph M. Howard and William E. Kirk, Jr., Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before PRETTYMAN, PROCTOR and BAZELON, Circuit Judges.

PER CURIAM.

When appellants were first brought to trial on the indictment involved here, the court, *sua sponte*, declared a mistrial. Upon the retrial which is under review here, appellants claimed that the first trial constituted former jeopardy and moved to be discharged. The trial judge denied this motion, and the correctness of his ruling is the sole issue presented by this appeal.

Briefly, these are the circumstances which are said to constitute former jeopardy. At the first trial appellants Scott, Jones and Johnson, hereinafter referred to as the three appellants, were represented by one counsel. Appellant Bayne was represented by separate counsel. After the jury had been impaneled, counsel for the three appellants obtained the admission of an associate *pro hac vice* to render "passive assistance [to him] at the counsel table" in the defense of the three appellants. When the court convened the following day, the trial judge announced, out of the hearing of the jury, that he had erred in admitting this associate.[1] After lengthy discussion with counsel for the three appellants, the trial judge permitted the associate to withdraw from the case and indicated a willingness to declare a mistrial. Counsel, however, declined to request one. In further colloquy the court elicited from counsel for the three appellants the statement that his clients would be "put to disadvantage" and that the withdrawal of assisting counsel "is definite to reflect a certain amount of prejudice." The court concluded therefrom that a declaration of mistrial was essential

1. The reasons for this change of view are not pertinent to this appeal.

in the interests of justice and ordered a mistrial *sua sponte*.

■ We are in agreement in respect to the three appellants, Scott, Jones and Johnson. The principles first enunciated in United States v. Perez,[2] and most recently applied by the Supreme Court in Wade v. Hunter,[3] are applicable. On that basis we cannot find that the trial judge abused his discretion in declaring a mistrial as to them. In the Perez case the Supreme Court said:

"* * * the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes; * * *"[4]

In Wade v. Hunter the Court said:

"When justice requires that a particular trial be discontinued is a question that should be decided by persons conversant with factors relevant to the determination. * * *

"The rule announced in the Perez case has been the basis for all later decisions of this Court on double jeopardy. It attempts to lay down no rigid formula. Under the rule a trial can be discontinued when particular circumstances manifest a necessity for so doing, and when failure to discontinue would defeat the ends of justice."[5]

The plea of former jeopardy in the subsequent trial under review here must fail.

With respect to Bayne we are not in agreement, but a majority of the court are of opinion that the judgment as to him should be affirmed. It is true that the circumstances which gave rise to the mistrial revolved about the other three defendants. But the trial which had begun was one trial—a joint trial of four people. To be sure, the judge might then have made a severance. He did not do so; he was not asked to do so. He exercised his discretion and declared the whole trial a mistrial. It is said that he did not consider separately the situation as to Bayne. But there is nothing in the record to indicate that he did not do so, and we cannot assume that he did not. He certainly knew that four defendants were before him; he knew that the circumstances which gave rise to the mistrial did not concern Bayne; and he knew that he declared the whole trial off, not just three-fourths of it. In short, he must have acted consciously with respect to Bayne in the light of the action required in respect to the other three. As the matter stood at that moment, no one could tell whether continuance of the trial of Bayne alone would prejudice him or not; the jury knew that there were four defendants—why were three dismissed and this one left? The judge's disposition of the problem was within his permitted discretion.

■ In oral argument appellant says that the trial judge, having declared a mistrial, left the bench so quickly that counsel had no opportunity to register an objection and hence was compelled to note the objection with the reporter in the absence of the judge. The record does not support that contention. In the absence of the jury the trial court announced that it would declare a mistrial and ordered the jury called back into the courtroom. That was done, and the jury resumed their seats in the jury box. The court then made a short announcement of its ruling, and the deputy marshal announced a recess. This process consumed an appreciable time— several minutes, no doubt,—but counsel for Bayne made no statement or objection whatever. After the judge had returned to his chambers, counsel dictated a statement to the reporter, making an objection. He

2. 1824, 9 Wheat. 579, 22 U.S. 579, 6 L.Ed. 165.

3. 1949, 336 U.S. 684, 69 S.Ct. 834, 93 L. Ed. 974.

4. Supra, 9 Wheat. 579, 22 U.S. at page 580.

5. Supra, 336 U.S. at page 689–690, 69 S. Ct. 834, 93 L.Ed. 974.

must have known that it was then too late for his objection to be effective, as the jury had dispersed. He had ample time before the jury dispersed. If he had a·protest to make, he should have made it while court and counsel were waiting for the marshal to reassemble the jury and return it to the jury box.

The judgment of the District Court will be affirmed.

BAZELON, Circuit Judge, dissenting in No. 11435 only.

I would reverse as to appellant Bayne. In my view the circumstances underlying his plea of former jeopardy are entirely different from those of the other three appellants and constitute a bar to his retrial. I state my reasons briefly.

The associate of counsel for the three appellants who withdrew from the case was in nowise connected with Bayne's defense. Thus it can hardly be assumed that his withdrawal was prejudicial to Bayne. And Bayne's attorney never suggested that it would be. In fact, he did not even participate in the colloquy which led to the declaration of a mistrial. Moreover, no reason was expressed by the trial court and none clearly appears from the record for the action taken with respect to appellant Bayne. I do not think such reasons can be supplied on appeal by resort to conjecture and surmise, especially to support action touching upon the denial of fundamental constitutional rights.

Nor could a valid reason to support mistrial as to Bayne be inferred from the fact that the trial judge had previously refused his request for a severence. Rulings on motions for severance are governed by a wide discretion and have a strong basis in considerations of trial efficiency and convenience. But a much more restricted discretion controls where double jeopardy is concerned, since this is a fundamental constitutional right. The power to compel a second trial must be exercised ."with the greatest caution, under urgent circumstances, and for very plain and obvious causes

6. United States v. Perez, 1824, 22 U.S. 579, 6 L.Ed. 165, approved in Wade v.

\* \* \*." Here the record fails to disclose that "there [was] a manifest necessity for the act, or the ends of public justice would otherwise [have been] defeated."[6]

Hunter, 1949, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974.