**John RASLICH, Appellant,**

v.

**William H. BANNAN, Warden, State Prison of Southern Michigan, Appellee.**

**No. 13878.**

United States Court of Appeals
Sixth Circuit.

Dec. 9, 1959.

Joseph R. Joseph (of Joseph & Joseph), James Pearson, Flint, Mich., for appellant.

Perry A. Maynard, Asst. Atty. Gen., and Samuel J. Torina, Sol. Gen., Lansing, Mich., for appellee.

Before MARTIN and WEICK, Circuit Judges, and WILLIAM E. MILLER, District Judge.

PER CURIAM.

This is an appeal from an order of the District Court of the United States for the Eastern District of Michigan denying appellant's petition for a writ of habeas corpus.

Upon consideration of the record, the briefs of the respective parties, and the argument of counsel in open court, we are of the opinion that appellant's constitutional rights were not infringed by the action of the Circuit Court for the County of Genesee, Michigan, in denying appellant's plea of double jeopardy and in requiring him to stand trial upon the charge of murder after a fourteen-member jury in a former trial of appellant had been discharged by the Court and a mistrial declared. This is true for two reasons. First, the record makes it altogether clear that appellant and his attorney acquiesced in, and in substantial effect consented to, the action of the state trial court in discharging the jury; and second, from all of the circumstances established and

the Icenhauer case the defendant was present in the still yard, doing some kind of work at 3:00 p. m. He ran when federal officers appeared. Contrary to the present case, in Icenhauer, there was no evidence he was ever at the still be-

fore, no incriminating statements were made by the defendant, and there was no furnishing of supplies. This court in a per curiam opinion held that the jury properly found him guilty of possessing the still.

appearing to the state trial court, it was a proper exercise of his discretion to conclude that appellant could probably not receive a fair and impartial trial before the jury as then constituted and that the jury should therefore be discharged. This action of the trial court was taken to safeguard appellant's rights, and, under the circumstances, the later trial of appellant before the Court upon the same charge did not constitute double jeopardy.

The order of the District Court denying the petition for the writ of habeas corpus is, accordingly, affirmed.