**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Beverly Udell HOOPER,
Defendant-Appellant.**

**No. 78–1033.**

United States Court of Appeals,
Ninth Circuit.

June 13, 1978.

Keith L. Lee, Reno, Nev., for defendant-appellant.

E. Pierre Gezelin, Asst. U. S. Atty., Reno, Nev., for plaintiff-appellee.

Before WRIGHT and KENNEDY, Circuit Judges, and CRAIG, District Judge.*

PER CURIAM:

Hooper appeals from his conviction for transporting and conspiracy to transport wildlife taken in violation of state law. 18 U.S.C. §§ 371, 43(a) & (d).

The trial commenced before six jurors without objection. After hearing the government's opening statement and the testimony of two witnesses, the district judge noticed that he had mistakenly impaneled less than the required 12 jurors and stated that, unless the parties stipulated to six jurors, he must declare a mistrial.

When Hooper declined to waive his right to a twelve-member jury, the court declared a mistrial, dismissed the panel, and reset the case. Appellant later moved to dismiss on double jeopardy grounds. The motion was denied and the newly impaneled jury convicted him.

Appellant contends that double jeopardy barred the second trial. We find that claim meritless.

When a trial court declares a mistrial *sua sponte* the defendant may be retried if "there [was] a manifest necessity for the [mistrial], or the ends of public justice would otherwise be defeated" by allowing the trial to proceed. *United States v. Perez,* 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824).

Fed.R.Crim.P. 23(b) requires a twelve-member jury in criminal cases unless the defendant stipulates to fewer in writing. *United States v. Guerrero-Peralta,* 446 F.2d 876, 877 (9th Cir. 1971) (the requirement of a writing is mandatory and unwaivable). *See also Patton v. United States,* 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1930).

For the district judge to have proceeded with a six-member jury in the absence of such an express written waiver would have been an obvious procedural error requiring reversal. Under these circumstances, the *sua sponte* declaration of a mistrial was of manifest necessity and in conformity with the ends of public justice. *Illinois v. Somerville,* 410 U.S. 458, 464, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973).

AFFIRMED.