**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Victor Harvey SMITH,
Defendant-Appellant.**

**No. 79–1706.**

United States Court of Appeals,
Ninth Circuit.

June 16, 1980.

Rehearing Denied Aug. 22, 1980.

Mark E. Griffin, Asst. Federal Defender, Portland, Or., for defendant-appellant.

Sidney I. Lezak, U. S. Atty., Portland, Or., for plaintiff-appellee.

Before THORNBERRY,* CHOY and PREGERSON, Circuit Judges.

CHOY, Circuit Judge:

After a mistrial, the district court denied Smith's motion to dismiss the indictment. Smith argues that the double jeopardy clause required that the motion be granted. We affirm.

On the second day of Smith's criminal trial, the court learned that the 87-year-old mother of a juror had suffered a stroke, that the juror had been with her at the hospital since 3:00 a.m., and that the juror could not come to court. No other facts were known. Since the court had neglected to select an alternate juror, it asked the parties if they would consent to proceed with a jury of 11. The defense refused, and the court, *sua sponte*, immediately declared a mistrial.

When a court, in the absence of manifest necessity, declares a mistrial without the defendant's consent, the double jeopardy clause forbids retrial. *See gener-*

ally *United States v. Sanders*, 591 F.2d 1293, 1296–99 (9th Cir. 1979).

The record gives no indication that the court here even considered the possibility of a continuance before ordering a mistrial. Since the court did not consider, or have before it the facts necessary for thorough consideration of, an obvious alternative to a mistrial, we cannot say that there was a "manifest necessity" to terminate the trial at that time. *See United States v. Jorn*, 400 U.S. 470, 487, 91 S.Ct. 547, 558, 27 L.Ed.2d 543 (1971) (plurality opinion); *United States v. McKoy*, 591 F.2d 218, 222–23 (3rd Cir. 1979); *United States v. Kin Ping Cheung*, 485 F.2d 689, 691 (5th Cir. 1973).[1] This is so even though the district court was not required to make an explicit finding of manifest necessity or to articulate on the record all the factors which informed its discretion, *Arizona v. Washington*, 434 U.S. 497, 516–17, 98 S.Ct. 824, 835–36, 54 L.Ed.2d 717 (1978), and even though as a general rule the unavailability of an irreplaceable juror makes a mistrial manifestly necessary, *see Oelke v. United States*, 389 F.2d 668, 671 (9th Cir. 1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1420, 20 L.Ed.2d 286 (1968).

Smith did not request or expressly consent to the mistrial; thus, this case turns on whether any statements or silences of Smith's counsel constituted implied consent. An implied consent to a mistrial, like an express consent, removes any double jeopardy bar to retrial. *See United States v. Goldstein*, 479 F.2d 1061, 1067 (2d Cir.) (defendants did not recant previously-denied motion for mistrial or raise any objection, despite opportunity to do so), *cert. denied*, 414 U.S. 873, 94 S.Ct. 151, 38 L.Ed.2d 113 (1973); *Raslich v. Bannan*, 273 F.2d 420 (6th Cir. 1959) (defendant and his attorney "acquiesced in, and in substantial effect consented to," mistrial); *United*

---

* Honorable Homer Thornberry, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. In *United States v. Hooper*, 576 F.2d 1382 (9th Cir. 1978), the court noticed in midtrial that it had only impaneled six jurors; the defendant refused to stipulate to a jury of less than 12, so the court declared a mistrial. We upheld the defendant's conviction at retrial, be-

cause the mistrial was justified by manifest necessity and was in conformity with the ends of public justice. (We did not hold, however, that the refusal to stipulate constituted a consent to the mistrial.) Nothing in *Hooper* could have cured the deficiency of jurors; here, the 12th juror conceivably could have returned to her duty after a short passage of time.

States v. Gordy, 526 F.2d 631, 635 n. 1 (5th Cir. 1976) (dictum) (failure to object may constitute consent); Adkins v. Smith, 205 So.2d 530, 531–32 (Fla.1967); People v. Ramirez, 27 Cal.App.3d 660, 669–71, 104 Cal. Rptr. 102, 108–09 (1972); Annotation, 63 A.L.R.2d 782 (1959).

Defense counsel did not object to the order of mistrial, despite adequate opportunity to do so. Indeed, we find that he impliedly consented to the mistrial.

▮▮▮ After the court declared the mistrial, but before the court dismissed the jury,[2] the court and the attorneys discussed the defense's desire that the mistrial ruling be explained to the jury in a way that did not cast blame on the defendant or his counsel; the defense's desire that the dismissed jurors be instructed not to discuss the case; and the possibility that the schedules of the attorneys and of the out-of-town witnesses could accommodate a retrial of Smith before the 90-day period of the Speedy Trial Act expired. The court also conducted voir dire on two evidentiary matters involving an expert and an attorney, so that time could be saved in the event that the same judge presided at the retrial.

The statements of defense counsel during these proceedings are particularly instructive on the question of implied consent. Defense counsel stated that one of his reasons for requesting that the court's explanation of the mistrial to the jury not blame defendant was that "Mr. Smith may see these people in other trials." Counsel later asked for an "admonition that the jurors don't discuss the case." The court replied, "I intend to do it. It's conceivable that some may be called back. I wouldn't think [they] would be disenabled for serving

again merely by their presence here up to this point." Counsel did not comment.

When the court concluded that defense counsel's schedule seemed to enable him to conduct a retrial within a few weeks, counsel answered "yes."

The court suggested having voir dire and rulings on two evidentiary matters. "If I end up not trying the case I suppose the trial judge would, of course, be free to decide the matter for himself. It strikes me, it's economically feasible to use the time while we are here," said the court. "I have no problem with that," replied defense counsel.

When the 11 jurors arrived at the courtroom, the court asked, "[D]o you mind if we bring the jury in . . . and excuse them?" Defense counsel answered, "That is fine."

These items show that defense counsel not only did not object to the order of mistrial, but affirmatively indicated his understanding that there could and would be a retrial. This is enough to constitute implied consent.

Because Smith, through his counsel,[3] impliedly consented to the mistrial, and the need for the mistrial did not arise from any prosecutorial or judicial overreaching, the double jeopardy clause does not bar retrial. See Lee v. United States, 432 U.S. 23, 32, 97 S.Ct. 2141, 2146, 52 L.Ed.2d 80 (1977).

AFFIRMED.

PREGERSON, Circuit Judge, concurring:

As I read the record, it is fair to say that the trial judge, in effect, offered the parties the option of proceeding with eleven jurors

---

2. Until the jury was actually excused, the court might have reconsidered its intention to declare a mistrial. See United States v. Estremera, 531 F.2d 1103, 1109–10 (2d Cir.) (court granted mistrial on defendant's motion; defendant withdrew motion before jury was excused, and trial proceeded; conviction affirmed), cert. denied, 425 U.S. 979, 96 S.Ct. 2184, 48 L.Ed.2d 804 (1976); United States v. Gordy, 526 F.2d at 635 n.1 ("When the defendant . . . does not object timely to the declaration of a mistrial, his double jeopardy claim may be vitiated by his consent."); Scott v. United States, 202 F.2d 354, 355–56 (D.C. Cir.) (counsel faulted for

failure to object during interlude between order of mistrial and actual dismissal of jurors, after which it was "too late for his objection to be effective"), cert. denied, 344 U.S. 881, 73 S.Ct. 180, 97 L.Ed. 682 (1952). Therefore counsel's statements and silences after the order of mistrial are relevant to the issue of implied consent, if they come before the actual dismissal of the jury.

3. The dictum of Himmelfarb v. United States, 175 F.2d 924, 931–32 (9th Cir.), cert. denied, 338 U.S. 860, 70 S.Ct. 103, 94 L.Ed. 527 (1949), that even if counsel has consented a defendant

or mistrying the case and rescheduling it for trial. Defense counsel, after stating his unwillingness to proceed with eleven jurors, expressed concern about his scheduling problems and the possibility that the remaining jurors might feel that the defendant's conduct precipitated the need for a mistrial. The court, after assuring defense counsel that his concerns would be alleviated, asked counsel, "[D]o you mind if we bring the jury in—the 11 members are here and excuse them?" Counsel replied: "That is fine."

I am satisfied that defense counsel by his words and conduct led the trial judge to believe that a mistrial, under the circumstances presented, was the desirable course to follow. Accordingly, I vote to affirm.

must also *personally* give consent to waive his double jeopardy right, and that such consent will not be presumed from his silence, is no longer valid law. *Leser v. United States*, 358 F.2d 313, 317–18 (9th Cir.), *cert. dismissed*, 385 U.S. 802, 87 S.Ct. 10, 17 L.Ed.2d 49 (1966). *See also United States v. Dinitz*, 424 U.S. 600, 609 n. 11, 96 S.Ct. 1075, 1080 n. 11, 47 L.Ed.2d 267 (1976) (standard of knowing, intelligent and voluntary waiver does not apply in double jeopardy cases based on mistrials); *United States v. Bobo*, 586 F.2d 355, 363–66 (5th Cir. 1978) (same), *cert. denied*, 440 U.S. 976, 99 S.Ct. 1546, 59 L.Ed.2d 795 (1979).