[No. 10594-6-III. Division Three. May 21, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. REY DIAZ RODRIQUEZ, *Appellant*.

*Victor H. Lara* and *Schwab, Kurtz, Hurley & Lara,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Steven R. Keller, Deputy,* for respondent.

SHIELDS, J.—Rey Diaz Rodriquez[1] was convicted of one count of delivery of cocaine and one count of possession of cocaine with intent to deliver. He appeals, contending the court's denial of his motion to dismiss after declaring a mistrial because of a juror emergency placed him in double jeopardy. We affirm.

During the pretrial hearings conducted after the jury was impaneled and outside its hearing, the court was informed a juror's only sister had just died in Germany. The juror wanted to get to Seattle by 10 a.m. the next morning to get his passport and attend the funeral. The State expressed concern the juror would be unable to concentrate if he was forced to continue, suggesting a recess be granted until the juror returned. The juror was questioned how long he would be gone. Although his reply is not in the record, the court indicated its belief the recess would be a lengthy one. Mr. Diaz's defense counsel also suggested a recess, but added his client had been in jail a long time and wanted to get the trial over quickly. The court considered the option of selecting an additional juror, but Mr. Diaz's defense counsel objected. The court then suggested the case continue with the remaining 11 jurors. The defendant would

---

[1]During trial, appellant stated his name, as in the information, was Rey Diaz Rodriquez; however, the report of proceedings and the parties' briefs refer to him as Mr. Diaz. The judgment and sentence refers to him as Rey Rodriquez Diaz. We have chosen to also refer to him as Mr. Diaz.

not accept that option. Ultimately, the court decided to declare a mistrial, relying on CrR 6.1(c).[2] A new jury was impaneled the next day. Mr. Diaz's defense counsel moved to dismiss on grounds of double jeopardy. The motion was denied. Mr. Diaz was convicted on both counts.

Mr. Diaz contends the court erred in declaring a mistrial, and thereafter, by denying his motion to dismiss, placed him in double jeopardy. He argues once a jury has been impaneled and sworn to try a case, a defendant has the right to have his case determined by that jury; a discharge of that jury, without the defendant's consent, has the same effect as an acquittal, unless the discharge was necessary in the interest of the proper administration of public justice when there are extraordinary and striking circumstances which clearly indicate the ends of justice could not be obtained without discontinuing the trial. *State v. Jones*, 97 Wn.2d 159, 162–63, 641 P.2d 708 (1982). He claims no striking or extraordinary circumstance existed in the case at bar which necessitated the discontinuance of the trial. He asserts the court should have declared a recess or proceeded with the trial, requiring the juror to remain. Because the court did not consider these alternatives to a mistrial, he asserts there was no "manifest necessity" to terminate the trial. *United States v. Smith*, 621 F.2d 350, 351 (9th Cir. 1980), *cert. denied*, 449 U.S. 1087 (1981).

The court correctly ruled jeopardy had attached in this case, because the jury had been impaneled and sworn. *State v. Ridgley*, 70 Wn.2d 555, 557, 424 P.2d 632 (1967). However, the attachment of jeopardy does not automatically preclude a new trial before another jury when there is a manifest necessity for the mistrial, or the ends of public justice would otherwise be defeated. *State v. Jones*,

---

[2]CrR 6.1(c) provides in part:

"If a case has not yet been submitted to the jury and a juror is unable to continue and no alternate jurors were selected or none are available . . . all defendants may elect to continue with the remaining jurors. The court *shall* declare a mistrial for any defendant who does not *elect* to continue with the remaining jurors." (Italics ours.)

26 Wn. App. 1, 5, 612 P.2d 404, *review denied,* 94 Wn.2d 1013 (1980). Unless there is evidence of bad faith conduct by the judge or prosecutor or any reason to believe the superior resources of the State are being used to harass or achieve a tactical advantage over the accused, the trial court's finding of manifest necessity should be accorded deference. *Jones,* 26 Wn. App. at 5. Manifest necessity has been found when the requisite number of jurors is not present because a juror has been excused for illness, disqualification or some other reason:

> Here as well courts are inclined to give considerable deference to the judge's decision on the need to release the juror—for example, *that a mistrial rather than a continuance should be declared because of the death of a juror's mother.*

(Footnote omitted. Italics ours.) 3 W. LaFave & J. Israel, *Criminal Procedure* § 24.2(b), at 75 (1984).

Contrary to Mr. Diaz's argument, extraordinary and striking circumstances did exist in this case. In fact, the court even commented, "It is an extremely unusual occurrence. I would not want to prevent him from attending his sister's funeral in Germany." Also contrary to Mr. Diaz's argument, and unlike *Smith,* the court did consider other options. Mr. Diaz refused all of them. Although Mr. Diaz now states he would have agreed to a recess, he made clear at trial he wanted it over quickly. The fact the juror was attending a funeral in Germany suggests a strong likelihood the recess would have been of some length. Because he would not consent to having his case heard by the remaining 11 jurors, the court had no other option but to declare a mistrial out of manifest necessity. There was no error in declaring a mistrial and denying Mr. Diaz's motion to dismiss.

The decision of the Superior Court is affirmed.

Pursuant to RCW 2.06.040, Mr. Diaz's remaining contentions and the court's opinion as to them are without precedential value and will not be published.

GREEN, C.J., and MUNSON, J., concur.