STATE of Missouri,
Respondent/Appellant,

v.

John L. TOLLIVER,
Appellant/Respondent.

No. 74598.

Supreme Court of Missouri,
En Banc.

Oct. 27, 1992.

Rehearing Denied Nov. 24, 1992.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent/appellant.

Janet M. Thompson, Columbia, for appellant/respondent.

BENTON, Judge.

After a mistrial not requested by the defendant, but not objected to by him, do the state and federal double jeopardy clauses bar a second trial? This Court answers "no" and affirms defendant's conviction.

Immediately before the first trial, the judge granted defendant's oral motion to limit a police detective from mentioning his assignment with the "sex crimes unit". After a brief first witness, the detective testified:

DIRECT EXAMINATION by Ms. Koch [assistant prosecutor]:

Q. Would you please state your full name for the record?

A. My name is William Earhardt.

Q. What's your occupation, sir?

A. I'm a Detective for the Kansas City Missouri Sex Crimes Unit.

MS. CURTIS [defense attorney]: Objection. May we approach the bench? [The following proceedings took place before the bench.]

MS. KOCH: I'm sorry.

THE COURT: I thought you were going to tell him—

MS. KOCH: I forgot to tell him. I apologize.

THE COURT: That's pretty stupid.

MS. CURTIS: Judge, this was the subject of a motion in limine that was made less than an hour ago. I feel it's a deliberate attempt by the prosecution—

THE COURT: I'm going to grant the mistrial. I can't stand that kind of conduct. I will not permit it.

MS. CURTIS: I'll ask that it be with prejudice.

THE COURT: No, I'll declare a mistrial. I'm not going to tolerate that type of practice in this court, whether it's carelessness or stupidity or whatever it may be.

All right, that's all.

[The proceedings returned to open court.]

THE COURT: Members of the jury, I'm going to declare a mistrial in this case, because counsel did not follow instructions of the Court. I'm sorry it happened. So, you're discharged from further service in this case, and for that matter, further service this week.

[The jury was excused.]

The second trial was scheduled for one week later. Defendant sought to prohibit retrial by a writ from the court of appeals, which was denied. Defendant then moved the trial court to dismiss, alleging the double jeopardy clauses of the United States and Missouri Constitutions barred retrial. Defendant initially claimed that the assistant prosecutor intentionally provoked a mistrial because a witness was unavailable at the first trial. At an evidentiary hearing beginning the second trial, the two first-trial assistant prosecutors testified, without contradiction, that they neglected to instruct the witness not to mention his unit, but were prepared for trial without the unavailable witness. The trial judge specifically found that the assistant prosecutor did not intentionally elicit the testimony in order to provoke a mistrial, and overruled the motion to dismiss.

At the second trial, defendant was convicted of second degree assault and armed criminal action, and sentenced as a class X offender to seven and ten years, to be served concurrently. After the second tri-al, a motion court sustained his Rule 29.15 motion, finding a double jeopardy violation.

## I.

The findings and conclusions of the motion court must be disregarded to the extent they concern the double jeopardy issue, then pending on direct appeal.

■■■ A postconviction motion does not substitute for a direct appeal. *Rodden v. State*, 795 S.W.2d 393, 395 (Mo. banc 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1608, 113 L.Ed.2d 670 (1991). Rule 29.15 cannot be used to obtain postconviction review of matters which were or should have been raised on direct appeal. *See Wilkins v. State*, 802 S.W.2d 491, 497 (Mo. banc 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991). Issues that could have been raised on direct appeal—even if constitutional claims—may not be raised in postconviction motions, except where fundamental fairness requires otherwise and only in rare and exceptional circumstances. *Davis v. State*, 804 S.W.2d 31, 34 (Mo.App. 1990). A claim of double jeopardy is not cognizable in a postconviction proceeding where it could have been raised on direct appeal. *Reagan v. State*, 751 S.W.2d 793, 795 (Mo.App.1988).

■■ Fundamental fairness did not require consideration of defendant's double jeopardy claim in the 29.15 proceeding. The issue was raised in a motion to dismiss filed prior to the second trial; a full evidentiary hearing occurred; and the motion for new trial preserved the issue. At the postconviction evidentiary hearing, even the public defender stated that the double jeopardy claim was an issue to be decided on direct appeal. The double jeopardy claim was not cognizable in the Rule 29.15 proceedings, and the resulting findings and conclusions on that claim are a nullity. It remains to dispose of the claim on direct appeal.

## II.

■■ Though defendant relies on Article I, § 19 of the Missouri Constitution, that provision, by its plain language, prevents

retrial only after an acquittal. *State v. Urban*, 796 S.W.2d 599, 601 (Mo. banc 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1695, 114 L.Ed.2d 89 (1991). Because the first trial ended shortly into the state's case, but after the jury was sworn, the state double jeopardy clause does not aid defendant.

■ The double jeopardy clause of the Fifth Amendment to the United States Constitution applies to state trials. *Benton v. Maryland*, 395 U.S. 784, 787, 89 S.Ct. 2056, 2058–59, 23 L.Ed.2d 707 (1969). The plain language of the federal guaranty appears absolute: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

■ The courts have long explored the boundaries of the double jeopardy clause. *See United States v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824). Generally, the double jeopardy clause bars retrial if a judge grants a mistrial without the defendant's request or consent. *United States v. Jorn*, 400 U.S. 470, 479–481, 91 S.Ct. 547, 554–55, 27 L.Ed.2d 543 (1971); *City of Smithville v. Summers*, 690 S.W.2d 850, 854 (Mo.App.1985). Where such a mistrial is declared, the defendant's "valued right" to have the trial completed by a particular tribunal is implicated. *Wade v. Hunter*, 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949). This right is subject to long-recognized exceptions permitting retrial: where there is a "manifest necessity" for the declaration of the mistrial, *Oregon v. Kennedy*, 456 U.S. 667, 671, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416 (1982), or where the "ends of public justice" would otherwise be defeated, *Illinois v. Somerville*, 410 U.S. 458, 464, 93 S.Ct. 1066, 1070, 35 L.Ed.2d 425 (1973).

■ The double jeopardy clause does not bar retrial if the defendant requests, or consents to, the mistrial. *United States v. Dinitz*, 424 U.S. 600, 607–608, 96 S.Ct. 1075, 1079–80, 47 L.Ed.2d 267 (1976); *State v. Fitzpatrick*, 676 S.W.2d 831, 835 (Mo. banc 1984). Where such a mistrial occurs, the defendant's right to a particular tribunal is *not* implicated unless governmental or judicial conduct was intended to "goad" the defendant into requesting or consenting to a mistrial. *Oregon v. Kennedy*, 456 U.S. at 676, 102 S.Ct. at 2089.

Determining "request" or "consent" to a mistrial thus turns not on a mechanical formula, but on careful analysis of the facts of each case. In this case, defendant did not explicitly request a mistrial but did object to the detective's testimony and requested to approach the bench. After the judge reprimanded the assistant prosecutor, defense counsel characterized the testimony as "a deliberate attempt by the prosecutor—". The judge granted a mistrial; defense counsel asked "that it be with prejudice"; the judge replied "No, I'll declare a mistrial."

■ These facts show that defendant did not expressly consent to the mistrial. However, consent may always be implied from the totality of circumstances attendant on the declaration of a mistrial. *United States v. Puleo*, 817 F.2d 702, 705 (11th Cir.1987), *cert. denied*, 484 U.S. 978, 108 S.Ct. 491, 98 L.Ed.2d 489 (1987). "An implied consent to a mistrial has the same effect as an express consent and vitiates any double jeopardy bar to retrial." *Camden v. Circuit Court of Second Judicial Circuit*, 892 F.2d 610, 614 (7th Cir.1989), *cert. denied*, 495 U.S. 921, 110 S.Ct. 1954, 109 L.Ed.2d 316 (1990).[1]

---

1. *See United States v. Aguilar–Aranceta*, 957 F.2d 18, 22 (1st Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 105, 121 L.Ed.2d 64 (1992); *United States v. Puleo*, 817 F.2d 702, 705 (11th Cir. 1987), *cert. denied*, 484 U.S. 978, 108 S.Ct. 491, 98 L.Ed.2d 489 (1987); *United States v. Buljubasic*, 808 F.2d 1260, 1265–1266 (7th Cir.1987), *cert. denied*, 484 U.S. 815, 108 S.Ct. 67, 98 L.Ed.2d 31 (1987); *United States v. Smith*, 621 F.2d 350, 351–352 (9th Cir.1980) *cert. denied*, 449 U.S. 1087, 101 S.Ct. 877, 66 L.Ed.2d 813; *United States v. Gordy*, 526 F.2d 631, 635 (5th Cir.1976) (dictum); *United States v. Beckerman*, 516 F.2d 905, 909 (2nd Cir.1975); *United States v. Goldstein*, 479 F.2d 1061, 1067 (2nd Cir.1973), *cert. denied*, 414 U.S. 873, 94 S.Ct. 151, 38 L.Ed.2d 113 (1973); *United States v. Phillips*, 431 F.2d 949, 950 (3rd Cir.1970); *Raslich v. Bannan*, 273 F.2d 420 (6th Cir.1959); *Scott v. United States*, 202 F.2d 354, 355 (D.C.Cir.1952), *cert. denied*, 344 U.S. 879, 73 S.Ct. 176, 97 L.Ed. 681 (1952).

**300**

Key to determining implied consent is whether the defendant had an opportunity to object. *United States v. Puleo*, 817 F.2d at 705. In this case, defense counsel had adequate time to object, as demonstrated by defense's request that the mistrial "be with prejudice". Once the judge refused this request, defense counsel had adequate opportunity to state an objection before the actual discharge of the jury. The defendant was "afforded a minimal but adequate opportunity to object". *Camden v. Circuit Court of Second Judicial Circuit*, 892 F.2d at 615. No such objection was made. Consent to a mistrial may be inferred even from silence where there was an opportunity to object but defendant fails to do so. *United States v. DiPietro*, 936 F.2d 6, 9–10 (1st Cir.1991); *United States v. Puleo*, 817 F.2d at 705.

 An objection need not only be timely but also specific. Once the trial court's intention to declare a mistrial became apparent and fixed, it became incumbent on defense counsel to state clearly her objection and her desire to proceed. The court and opposing counsel need not engage in speculation. Simply asking that the declaration of the mistrial be "with prejudice" was not sufficiently specific to apprise the trial court of a request that jeopardy attach. Counsel clearly enunciated the defense theory in the motion to dismiss at the beginning of the second trial: that the detective's testimony was an intentional and deliberate attempt to provoke a mistrial, calculated to permit the state to delay a trial until its witness was available. It was necessary for counsel at the first trial clearly to state this ground. Although counsel later specifically alleged the claim and its basis in the motion at the commencement of the second trial, this was too late to constitute a specific objection to the mistrial.

Based on the facts of this case, there was not a sufficiently specific objection to the granting of the mistrial, and thus no bar to the second trial.

## III.

Defendant also attacks—as impermissible comments on the defendant's failure to testify—certain statements in the state's closing argument: "In fact, there has been nothing to negate anything that we put on here"; and, "There has been nothing to negate the State's evidence in this case. Nothing."

A prosecutor may not comment on a defendant's failure to testify. *State v. Mahurin*, 799 S.W.2d 840 (Mo. banc 1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 90, 116 L.Ed.2d 62 (1991). However, a prosecutor may refer to the defendant's failure to offer evidence. *State v. Sidebottom*, 753 S.W.2d 915, 920 (Mo. banc 1988), *cert. denied,* 488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550 (1988). The assistant prosecutor's comments in this case reference the lack of evidence to refute the state's case, and were therefore permissible.

## IV.

The judgment of the trial court is affirmed, and the judgment of the motion court is reversed.

All concur.