15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Roy Curtis RICHARDSON, Petitioner-Appellant,
v.
Jerry STAINER, Warden, Respondent-Appellee.
 No. 93-16613.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 22, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Roy Curtis Richardson appeals the district court's denial of his petition for habeas corpus. We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 On April 30, 1986, petitioner was charged with first degree burglary. The information also alleged three prior felony convictions for purposes of sentencing petitioner under various California "habitual criminal" statutes. Upon petitioner's motion, the state trial court bifurcated the burglary and sentencing proceedings.
 
 
 4
 On June 27, 1986, a jury convicted petitioner of first degree burglary. The trial court discharged the jury before it considered petitioner's alleged prior convictions. Petitioner then waived his right to a jury and admitted the prior convictions. The trial court sentenced petitioner to four years imprisonment for first degree burglary and eleven additional years under the habitual criminal statutes.
 
 
 5
 After exhausting state remedies, petitioner sought a writ of habeas corpus from the United States District Court for the Eastern District of California, alleging that the state court placed him twice in jeopardy by sentencing him after discharging the jury.[1] The district court denied the petition on July 22, 1993. Petitioner appeals.
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 6
 We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review de novo the district court's order denying a petition for writ of habeas corpus. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993).
 
 III.
 DISCUSSION
 
 7
 Petitioner contends that the trial court placed him twice in jeopardy by continuing the sentencing proceedings after discharging the jury.[2] According to petitioner, his first jeopardy attached when the sentencing jury was empaneled and sworn, prior to his trial on the burglary charges. The second jeopardy attached when the trial court, after discharging the jury, heard and decided the issue of petitioner's prior convictions. For the remainder of this opinion, then, we will refer to the proceeding before the jury as the "first proceeding" (despite its brevity) and to the sentencing by the trial court as the "second proceeding."
 
 
 8
 Before proceeding, however, we must first determine whether the double jeopardy bar even applies to petitioner's "prior conviction proceedings."
 
 
 9
 A. Does the Double Jeopardy Clause Apply?
 
 
 10
 In general, a charge under a habitual criminal statute does not state a separate offense, and double jeopardy principles do not apply. Graham v. West Virginia, 224 U.S. 616, 624-25, 631 (1912) (double jeopardy not violated where prior conviction proceedings occurred several months after sentencing on current offense). However, the Supreme Court has applied the double jeopardy bar to sentencing proceedings that "have the hallmarks of the trial on guilt or innocence," such as a trial by jury or proof beyond reasonable doubt. Bullington v. Missouri, 451 U.S. 430, 438-39 (1981). This court applies Bullington to prior conviction proceedings, where such proceedings take place before a jury and where the prosecution must prove the prior convictions beyond a reasonable doubt. Durosko v. Lewis, 882 F.2d 357, 359 (9th Cir.1989), cert. denied, 495 U.S. 907 (1990).
 
 
 11
 Here, California law provides that the existence of prior convictions, if contested, be tried before a jury. Cal.Penal Code Sec. 1025. California law also requires proof beyond a reasonable doubt. People v. Morton, 41 Cal.2d 536, 261 P.2d 523, 525 (1953) (in bank). Thus, double jeopardy principles apply to Richardson's habitual offender proceeding.
 
 
 12
 B. Did Jeopardy Attach to the First Proceeding?
 
 
 13
 In a jury trial, jeopardy normally attaches when a jury is empaneled and sworn. Serfass v. United States, 420 U.S. 377, 388 (1975). Nevertheless, the district court found that jeopardy did not attach to petitioner's first prior conviction proceeding, because the jury did not "acquit" the petitioner of being a habitual offender and in fact did not hear any of the merits on that issue.
 
 
 14
 We may assume, without deciding, that the traditional attachment rule of Serfass applies to a bifurcated sentencing procedure, and that jeopardy attached to petitioner's first sentencing proceeding.[3] We hold, however, that petitioner implicitly consented to the discharge of the jury in that proceeding, thereby permitting retrial by the state court.
 
 
 15
 As the sentencing proceedings in this case were, in effect, a trial, we may treat the trial court's premature discharge of the jury as the functional equivalent of a mistrial. See Lee v. United States, 432 U.S. 23, 30-31 (1977) (employing functional approach to analyze trials terminated before completion). A mistrial ordered over the defendant's objection must be supported by "manifest necessity" to permit retrial. Arizona v. Washington, 434 U.S. 497, 505 (1978). Meanwhile, a mistrial entered at the defendant's request, or with his consent, does not bar retrial absent prosecutorial or judicial overreaching. United States v. Smith, 621 F.2d 350, 351-52 (9th Cir.1980), cert. denied, 449 U.S. 1087 (1981).
 
 
 16
 It is unlikely that the trial court's sudden action would satisfy the manifest necessity standard. See Smith, 621 F.2d at 351. As a result, the issue is whether petitioner implicitly consented to the discharge of the jury. Implied consent requires more than a mere failure to object. See id. at 352 (finding implied consent where defense counsel failed to object to mistrial despite adequate opportunity to do so, asked judge to explain to jury the reasons for their discharge, discussed scheduling of new trial, and said "yes" when judge asked if he could discharge jury).
 
 
 17
 The record in this case shows that petitioner consented to the discharge of the jury. Petitioner's defense counsel failed to object to the jury's dismissal or to the subsequent sentencing by the court. Indeed, after the jury was discharged, the following exchange took place:
 
 
 18
 COURT: The defendant has waived a jury trial on issue of the prior, I believe.
 
 
 19
 [PROSECUTOR]: That's my understanding.
 
 
 20
 COURT: Yes. However, he had not admitted the prior and there had not been a determination as to whether there would be a court trial.
 
 
 21
 [PROSECUTOR]: I don't believe we've got it on the record, a waiver of the jury.
 
 
 22
 COURT: That is correct.
 
 
 23
 [DEFENSE COUNSEL]: Your Honor--
 
 
 24
 COURT: That is correct. The jury having been discharged, we would have to select another jury to try the prior convictions if the defendant was going to have those tried to a jury, and I now recall that you [defense counsel] did not give an indication to the Court that there would or would not be a waiver [of the right to jury trial].
 
 
 25
 DEFENSE COUNSEL: Your honor, I did discuss that with Mr. Richardson, and I believe he would be giving a jury waiver on the priors at this time.
 
 
 26
 Reporter's Transcript of Proceedings at 158. Further, petitioner then admitted the prior convictions, rendering a jury trial unnecessary. See Cal.Penal Code Sec. 1025 (right to jury applies only where defendant contests prior convictions). Even now, petitioner does not contend that the state court acted against his wishes in dismissing the jury, only that the state court acted prematurely in doing so.[4]
 
 
 27
 Standing alone, statements by petitioner's defense counsel after the jury was discharged are not conclusive on the issue of implied consent, because the state court could not have reconsidered its decision at that point. See Smith, 621 F.2d at 352 n. 2. However, they do shed light on the trial court's decision to dismiss the jury, and on defense counsel's failure to object to that decision. See United States v. Nichols, 977 F.2d 972, 974-75 (5th Cir.1992) (per curiam) (inferring consent from defense counsel's failure to object, coupled with counsel's subsequent assistance in arranging for retrial), cert. denied, 114 S.Ct. 106 (1993); United States v. DiPietro, 936 F.2d 6, 10-11 (1st Cir.1991) (same); Camden v. Circuit Court, 892 F.2d 610, 615-18 (7th Cir.1989) (same), cert. denied, 495 U.S. 921 (1990). Ignoring such evidence would invite gamesmanship.
 
 
 28
 Based on the above analysis, we conclude that petitioner implicitly consented to the discharge of the jury, permitting the state court to try him on the issue of his prior convictions. On that basis, we affirm the trial court's dismissal of his habeas petition.
 
 
 29
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Petitioner also alleged that the state court violated due process, and that he received ineffective counsel. The district court rejected both claims, and petitioner does not appeal from those portions of the district court's order
 
 
 [2]
 Petitioner also contends, and respondent concedes, that the trial court's procedure violated petitioner's right, under California law, to have the same jury decide his substantive guilt and his sentence. Even so, we cannot grant habeas relief to correct errors of state law. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Petitioner had no federal right to any jury for his sentencing proceedings, McMillan v. Pennsylvania, 477 U.S. 79, 93 (1986), much less to the same jury that decided his substantive guilt
 
 
 [3]
 In so doing, we express no opinion as to the California Supreme Court's recent decision in People v. Saunders, 5 Cal.4th 580, 853 P.2d 1093, 20 Cal.Rptr.2d 638 (1993) (in bank), which assumed that jeopardy did attach on substantially similar facts, but which held that jeopardy did not terminate upon the jury's dismissal because the jury had not yet heard any evidence or argument on the prior convictions
 
 
 [4]
 Indeed, the district court, in dismissing petitioner's claim of ineffective counsel, reviewed the above colloquy and found that petitioner had indicated his wish to waive his right to a jury prior to the jury's discharge. On appeal, petitioner does not challenge that aspect of the district court's decision