**Donald Lee ALLEN, Petitioner–Appellant,**

v.

**E.K. MCDANIEL, Respondent–Appellee.**

**No. 99–17570.**

**D.C. No. CV 95–00792 DWH.**

United States Court of Appeals, Ninth Circuit.

Argued and submitted Feb. 16, 2001.

Decided March 30, 2001.

As Amended on Denial of Rehearing and Rehearing en Banc May 2, 2001.

Before SCHROEDER, Chief Judge, WALLACE, and RICHARD C. TALLMAN, Circuit Judges.

MEMORANDUM *

Allen appeals from the district court's denial of his petition for habeas corpus. The district court had jurisdiction under 28 U.S.C. § 2254. We have jurisdiction of this timely filed appeal pursuant to 28 U.S.C. § 2253. We affirm.

We review this denial of a petition for habeas corpus de novo, but findings of fact made by the district court relevant to the denial are reviewed for clear error. *Bonin v. Calderon,* 59 F.3d 815, 823 (9th Cir. 1995). We granted a certificate of appealability as to two of the issues raised by Allen. *See Slack v. McDaniel,* 529 U.S. 473, 482–83, 120 S.Ct. 1595, 146 L.Ed.2d 542.

█ First, Allen asserts that his second trial, which was necessitated by a mistrial in the first proceeding, violated the constitutional prohibition against double jeopardy. We review this issue de novo. *Weston v. Kernan,* 50 F.3d 633, 636 (9th Cir.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1995). Retrial is "permitted if the defendant consented to the mistrial." *Id.* Consent may be implied where "[d]efense counsel did not object to the order of mistrial, despite adequate opportunity to do so." *United States v. Smith,* 621 F.2d 350, 352 (9th Cir.1980). Here, the record demonstrates that there was "adequate opportunity" for Allen's counsel to object. We hold that Allen was not placed in double jeopardy.

■ The second issue before us is Allen's assertion that he was denied his Sixth Amendment right of self-representation. "[W]e have not yet clarified whether denial of a *Faretta* request is reviewed de novo or for abuse of discretion." *United States v. Kaczynski,* 239 F.3d 1108, 1116 (9th Cir. 2001). We decide, however, that under either standard, Allen's right to self-representation was not violated.

Resolution of this issue turns on whether Allen's request was "equivocal," the result of "momentary caprice." *Jackson v. Ylst,* 921 F.2d 882, 888 (9th Cir.1990). In *Jackson v. Ylst,* the defendant's request for self-representation immediately followed the court's denial of new counsel and was an impulsive, emotional outburst to which the trial judge made no *Faretta* inquiry. *See United States v. Hernandez,* 203 F.3d 614, 622 n.11 (9th Cir.2000). Because the circumstances of Allen's request for self-representation are virtually identical to those in *Jackson,* we hold that Allen's request was "equivocal."

AFFIRMED.