**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Steven NYE, Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Jose Antonio HERRERA,**
**Defendant–Appellant.**

**Nos. 04–10123, 04–10129.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 5, 2004.*

Decided Oct. 19, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

748

---

Craig S. Denney, Esq., Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Lawrence D. Wishart, Esq., Reno, NV, for Defendant–Appellant.

Before: RYMER, TALLMAN, and BEA, Circuit Judges.

## MEMORANDUM **

Jose Antonio Herrera and Steven Nye appeal from the district court's denial of their motions to dismiss their indictments on double jeopardy grounds following the court's order of mistrial and discharge of the jury upon motion by co-defendant Mario Jimenez. We have jurisdiction under 28 U.S.C. § 1291. *See Abney v. United States,* 431 U.S. 651, 662, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). We affirm.

Herrera and Nye argue the district court erred in finding they impliedly consented to the mistrial and discharge of the jury. We review a district court's denial of a motion to dismiss on double jeopardy grounds *de novo,* and the district court's factual findings for clear error. *United*

---

** This disposition is not appropriate for publication and may not be cited to or by the

*States v. Lun,* 944 F.2d 642, 644 (9th Cir. 1991).

The Double Jeopardy Clause "protects a criminal defendant from repeated prosecutions for the same offense." *Oregon v. Kennedy,* 456 U.S. 667, 671, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); *United States v. Gaytan,* 115 F.3d 737, 742 (9th Cir. 1997). "[J]eopardy attaches once the jury is empaneled and sworn...." *Crist v. Bretz,* 437 U.S. 28, 38, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). However, a defendant who moves for mistrial may be retried because he effectively consented to the mistrial and retrial. *Kennedy,* 456 U.S. at 676, 102 S.Ct. 2083. Like express consent to a mistrial, implied consent also "removes any double jeopardy bar to retrial." *United States v. Smith,* 621 F.2d 350, 351 (9th Cir.1980). "Where one defendant moves for a mistrial, and the other defendant, despite adequate opportunity to object, remains silent, the silent defendant impliedly consents by that silence to the mistrial and waives the right to claim a double jeopardy bar to retrial." *United States v. You,* No. 03–30420, slip op. at 12449 (9th Cir. Aug. 31, 2004).

The record shows the district court offered Herrera and Nye multiple opportunities to object to the mistrial and to brief the legal issues involved, but both defendants remained silent and submitted no written opposition. Thus, Herrera and Nye impliedly consented to the mistrial and retrial. *See You,* No. 03–30420, slip op. at 12449.

Herrera and Nye also contend implied consent to a mistrial is contrary to the knowing, voluntary, and intelligent standard for waiver of constitutional rights. That standard does not apply to the rights afforded by the Double Jeopardy Clause.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*United States v. Dinitz,* 424 U.S. 600, 609 n. 11, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976).

Because Herrera and Nye impliedly consented to retrial, we need not reach their argument the prosecution's *Batson* violation did not constitute "manifest necessity" to declare a mistrial. *See Kennedy,* 456 U.S. at 672, 102 S.Ct. 2083.

AFFIRMED AND REMANDED FOR TRIAL.